Jacob T. Martin, Solomon A. Young and Ed Vierson v.

Alfred W. Hartshorne.

(Filed September 7, 1906.)

FORCIBLE DETAINER—Notice. On a trial of an action of forcible detainer, where it appears from the evidence that notice to quit was served on the defendants personally, and a copy of the notice so served was introduced in evidence, which shows that the notice complied with all the requirements of the statute: **Held:** That such evidence is sufficient on the question of notice.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*W. K. Moore,* for plaintiff in error.

*C. W. Ransom,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action of forcible detainer, originally brought by the defendant in error as plaintiff before a justice of the peace of Kay county. Judgment there being for the plaintiff below, the case was appealed to the district court, and judgment again being rendered for the plaintiff this appeal is brought here.

An answer was filed by the defendant below, John T.

Martin, no answer being filed by the other defendants, but the case seems to have been abandoned by them. Upon the trial of the case in the district court, the defendant in error Hartshorne, introduced his testimony, which showed he was entitled to recover. At the conclusion of his testimony, the defendants announced that they had no evidence to offer, but would simply demur to the evidence of the plaintiff. The demurrer was overruled by the court, and the jury directed to return a verdict for the plaintiff. A motion for new trial was filed, containing one ground only, that is, for errors of law occurring at the trial and excepted to by the defendants. While only a single ground is set forth in the motion for new trial, several alleged errors are contained in the petition in error. However, but one question is argued in the brief, and that is that the court erred in not sustaining the demurrer to the evidence, for the reason it wholly failed to show that Hartshorne had complied with the law in regard to serving the three days' notice before suit was commenced.

There is so little merit in this contention that it does not require any extended comment. On the trial, the plaintiff, Hartshorne, testified that he served each of the defendants with a notice; that he had a copy of the notice which he served upon the defendants, which copy was produced and introduced in evidence. An examination of this copy shows that it complied with all the requirements of the statute. Mr. Hartshorne testified he served the notice on Martin personally, giving the time and place, and upon the defendant, Vierson, by leaving a copy at his house with a girl, and upon defendant, Young, by giving him notice personally at his own house. No attempt at cross-examination was made, and

if the notice was not served by copy upon Martin, it could have been easily determined by cross-examination of Hartshorne.

We think there is ample evidence to support the verdict, and that the court took the proper course in directing the jury to find a verdict for the plaintiff below.

Seeing no error in the record, the judgment of the court below is affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.