## CUTBURTH v. BELL.

No. 5560. Opinion Filed February 1, 1916.

(155 Pac. 1136.)

1. **FORCIBLE ENTRY AND DETAINER—Notice to Vacate—Sufficiency.** A notice to vacate real property required by sec. 5507, Rev. Laws 1910, that is addressed to and served upon the party wrongfully in possession, which describes the premises and says, "I hereby notify you to leave the premises now unlawfully held by you," and which is signed by the party entitled to possession, is sufficient. It is not essential to state further that, unless the notice is complied with, suit will be brought.

2. **EXECUTORS AND ADMINISTRATORS—Right of Action—Parties—Administrator With Will Annexed.** An administrator with the will annexed who has possession of lands belonging to the estate he has in course of administration can maintain a suit against one who forcibly and unlawfully dispossesses him.

3.    **SUFFICIENCY OF EVIDENCE.** The evidence was sufficient to support the findings of the court and the judgment entered thereon.

(Syllabus by Brewer, C.)

*Error from County Court, Tulsa County;*
*Conn Linn, Judge.*

Action brought in a justice of the peace court by M. F. Smith, executor of the estate of Tuckabachee, deceased, against W. S. Cutburth. Pending appeal to county court, the executor died, and Albert H. Bell, administrator of the estate of Tuckabachee, deceased, with will annexed, was substituted as plaintiff. Judgment for plaintiff, and defendant brings error. Affirmed.

*Biddison & Campbell,* for plaintiff in error.

*Davidson & Williams,* for defendant in error.

Opinion by BREWER, C. This suit was brought in a justice of the peace court of Tulsa county by M. F. Smith, executor of the estate of Tuckabachee, deceased, to recover possession of certain farming lands held by plaintiff in error, W. S. Cutburth. After a trial in that court an appeal was taken to the county court. The executor who brought the suit died, and Albert H. Bell, administrator of the estate of Tuckabachee, deceased, with will annexed, was substituted as plaintiff. The case was tried, resulting in a judgment adverse to Cutburth, and he has appealed.

The petition filed in the case, after reciting certain jurisdictional facts, states for a cause of action the following:

"On or about the 10th day of February, 1911, said defendant, W. S. Cutburth, did unlawfully enter into and take possession of said hereinbefore described lands, and that said defendant, W. S. Cutburth, has ever since held

and still holds unlawful possession of said hereinbefore described lands, and unlawfully and forcibly detains same from plaintiff. Plaintiff further alleges that heretofore, to wit, on the 14th day of February, 1911, said plaintiff caused to be served on said defendant a notice in writing to leave and quit said hereinbefore described lands, a copy of said notice is hereto attached, marked Exhibit A, and made a part of the bill of particulars."

The notice to quit the premises, attached to the petition as an exhibit, and offered in evidence, is as follows:

"To W. S. Cutburth, Tulsa, Oklahoma—Dear Sir: I hereby notify you to leave the premises now unlawfully held by you, to wit: Fifteen acres of the north one-half ($\frac{1}{2}$) of the north one-half ($\frac{1}{2}$) of the southeast quarter ($\frac{1}{4}$) of section thirteen (13), township nineteen (19) north, range twelve (12) east, Tulsa county, Oklahoma; the same being a part of the allotment of Tuckabachee, deceased.

"Dated and served this 14th day of February, 1911.

"[Signed] M. F. SMITH, *Executor of Estate of Tuckabachee, Deceased.*"

Defendant, for his answer, filed a plea of not guilty, and then set up, in substance, that the lands involved had belonged to one Tuckabachee in his lifetime, but that he was a full-blood Indian, and that he left upon his death certain lawful heirs, who were the owners of the land and entitled to its immediate possession, and that one Ethel Davis had bought from the sole surviving heir of Tuckabachee the land in question, and that said Ethel Davis, as such owner, took possession of the land and rented the same to said Cutburth, and that he went into possession thereof as her tenant. The answer also denies that plaintiff was or had been in possession of the land, or that he was entitled to the same. The answer then

sets up the fact that Tuckabachee, the original owner of the land, had made a will, and that same had been probated, but the probate thereof was being contested by the grantor of Ethel Davis by an appeal from the county court, etc.

At a trial of the case the court found all the issues in favor of plaintiff and awarded judgment for the restitution of the premises.

. As we understand the pleadings in this case, defendant, Cutburth, has attempted to put in issue the question of the title or ownership of the land involved, which necessarily brought into issue the question of the validity of the will of Tuckabachee. If this view of the pleadings is correct, these contentions had no place in the case. The real question presented was whether or not the administrator with the will annexed had been in possession of the place, and whether or not Cutburth, the defendant, had deprived him of this possession unlawfully and forcibly, or had detained same from him after thus entering in such manner, and whether or not proper notice to vacate the premises and deliver up possession had been given. The question of title or ultimate ownership was not in issue. *Northcutt v. Bastable,* 39 Okla. 124, 134 Pac. 423; *Link v. Schlegel,* 33 Okla. 458, 126 Pac. 576; *Cahill v. Pine Creek Oil Co.,* 38 Okla. 568, 134 Pac. 64.

In the case of *Bell, Adm'r, v. Davis et al., ante,* p. 121, 155 Pac. 1132, the action of the district court of Tulsa county in denying probate of the will of Tuckabachee, deceased, was reversed, with instructions to the court to make all orders necessary and required for its proper probate. From our knowledge, gained through that case

and the record before us, it seems to us quite probable that this present suit was occasioned, and has been kept alive, through an expectation that the will of Tuckabachee would be finally held to be invalid and denied probate. Except with such result in mind, it seems to us very unlikely that this case would have been appealed. The administrator with the will annexed had a right to bring the suit as the representative of the estate, if he had been in possession of the same, and that possession had been taken from him or withheld from him by the wrongful and forcible acts of defendant. Sections. 6301, 6302, 6322, 6323, Rev. Laws 1910.

The evidence, to our minds, is quite ample to show that plaintiff had been in possession of these lands; that he had made a contract with two other persons to go upon the same and farm them; that one of these tenants went out upon the land, but before reducing them to possession or obtaining control and dominion over them the man Cutburth appeared and claimed to have the right to said lands as tenant of Ethel Davis, and that he was going to farm the same; and that to keep plaintiff's tenants out he wired up the gate or passageway by which they might enter on the lands in such a way that they could not gain entrance thereto without breaking down the obstructions. One of the claims put forward here is that these tenants of plaintiff should have brought suit in their own names, if any facts existed upon which such a suit could be based. From a reading of the record, we do not think this position is sound. Plaintiff had a right to recover the lands so as to be able to put his tenants in possession thereof. Of course, if his tenants had once been installed there with possession and domin-

ion over the lands, and that possession had been disturbed by the forcible and wrongful acts of defendant, then it might be said that the suit would have to be brought in their names; but this is not the case. While one of them had been on the land, he had not reduced the same to possession in law or in fact. Therefore the suit was properly brought in the name of the administrator; it being his possession that was disturbed and destroyed by the acts of defendant.

We have copied the notice in the statement of the case, and have no doubt but that it sufficiently meets the requirements of the statute. Section 5507, Rev. Laws 1910. It seems to us that the prime essential of this statute is "to notify the adverse party to leave the premises" for the possession of which the action is about to be brought. It will be observed that the notice specifically describes the land, and that the notice to leave the premises, and that they are unlawfully held, is peremptory and positive. This notice is dated and signed by the party entitled to possession, and who claims that his possession has been wrongfully disturbed. We cannot believe that it was essential in this notice to advise the defendant occupying the lands wrongfully and through forcible detention that a suit was about to be commenced against him. The statute does not say that he shall be notified that suit will be brought, but that he shall be notified "to leave the premises."

We think the notice was sufficient, and so hold.

Upon the whole case the evidence is sufficient, in our judgment, to support the finding of the court and the judgment rendered, and the cause should therefore be affirmed.

By the Court: It is so ordered.