### In re DAYTON'S ESTATE.

No. 24886.   June 11, 1935.

Rehearing Denied July 9, 1935.

H. A. Johnson, for plaintiff in error.

Bowles & Bowles, for defendant in error.

PER CURIAM. The record in this case shows that Herbert J. Dayton, a resident of Noble county, state of Oklahoma, departed this life, testate, on or about the 29th day of September, 1931; that under the terms of the last will and testament of said Herbert J. Dayton, deceased, it was provided:

(1) That all of his just debts, personal expenses, and expenses of last sickness be fully paid.

(2) That after satisfying the first item, the residue and remainder of his property he willed, devised, and bequeathed to his beloved wife, Phebe E. Dayton, plaintiff in error, and to his four children, share and share alike.

The will further provides that any gifts of money or other valuable things his children had received should not be considered as advancement to them, and appointed W. M. Bowles as executor of the will, without bond.

This will was duly admitted to probate in the county court of Noble county, Okla., and the said W. M. Bowles was duly appointed and confirmed by said court as executor. On the 29th day of September, 1932, the said executor filed in said county court of Noble county, Okla., his final report, in which he reported an item of $507.73 paid by him as such executor to the First National Bank of Perry, Okla., in settlement of a note dated April 1, 1931, signed by Phebe E. Dayton and H. J. Dayton as a personal indebtedness of the said Phebe E. Dayton, and charged said amount against the distributive share of said Phebe E. Dayton; also an item of $327.50 paid by him as such executor to the Exchange Bank of Perry, Okla., as represented by a note dated August 31, 1931, signed by H. J. Dayton and Phebe E. Dayton as a personal indebtedness of Phebe E. Dayton, and charged said

amount against the distributive share of Phebe E. Dayton; also an item of $107.50, being one-half of an item of $215 paid by said executor. and which indebtedness was represented by a note dated August 24, 1931, executed to Exchange Bank of Perry, Okla., by one Ellen C. Groth, H. J. Dayton, and Phebe E. Dayton, which said note was the individual indebtedness of Ellen C. Groth, the said H. J. Dayton and Phebe E. Dayton being sureties thereon, and the estate of Herbert J. Dayton, who was the same as H. J. Dayton, being liable, as shown by said report, for one-half of said surety indebtedness and the said Phebe E. Dayton being liable for the other half, and charged said sum of $107.50 against the distributive share of Phebe E. Dayton. The said executor further reported an item of $28.12 paid by him as such executor on an indebtedness represented by a note executed to Exchange Bank of Perry, Okla., signed by Phebe E. Dayton and H. J. Dayton, and reported the same to be the personal indebtedness of Phebe E. Dayton, the said H. J. Dayton having signed same as surety, and charged said sum of $28.12 against the distributive share of Phebe E. Dayton.

The report further shows the inventory and sale of property of said estate amounts to $13,534 and the executor asked that he be allowed the sum of $438.35 as compensation for his services.

On the 21st day of October, 1932, the final report and petition for distribution filed by the executor and exceptions thereto by plaintiff in error were duly heard by the county court, and by decree of the county court, the item of $507.73, also one-half of the item of $215 and the item of $28.12, were charged against the distributive share of Phebe E. Dayton, the widow, and the executor was allowed the sum of $438.35 for his services as such, and the final report, in all other respects, was approved. An appeal was taken from the decree of the county court to the district court of Noble county, Okla., after bond and notice of appeal were given, and on the 18th day of January, 1933, said cause was heard in said district court, and on the 27th day of January, 1933, judgment was entered affirming in all things the judgment of the county court. Motion for a new trial was duly filed by plaintiff in error and an appeal. taken to this court without bond having been executed. Petition in error recites ten assignments of error, but in the brief and argument plaintiff in error presents. her case under four assignments, as follows:

(1) The court erred in failing to give the correct interpretation and construction to the terms of the will.

(2) The court erred in not distinguishing between the law applicable to real property and the law applicable to personal property.

(3) The court erred in allowing fees to the executor in the sum of $438.35.

(4) The court erred in affirming the judgment of the county court wherein the distributive share of appellant was estimated at $670.75, but she was charged the sum of $750.85, alleged indebtedness to said estate, leaving her indebted to said estate in the sum of $80.10.

We will consider the four assignments in the order presented in the brief of plaintiff in error.

Under her first assignment plaintiff in error complains that the court did not give the correct interpretation and construction of the will. The will is in words and figures as follows:

"Last Will and Testament of Herbert J. Dayton.

"I, Herbert J. Dayton, being over the age of twenty-one years, of sound mind and disposing memory, knowing that life is uncertain and death is inevitable, make, publish and declare this to be my last will and testament, hereby revoking all other wills and codicils heretofore made, published and declared by me.

"Item One. It is my will and desire that out of my property, real, personal or mixed, belonging to me at my death, all my just debts, personal expenses and expenses of last sickness be fully paid.

"Item Two. After satisfying item one, the residue and remainder of my property I will, devise and bequeath to my beloved wife, Phebe E. Dayton, and my beloved children, Elmer W. Dayton, Leroy A. Dayton, Hilda B. Denney, formerly Hilda B. Dayton, and Verna F. Southerland, formerly Verna F. Dayton, and their heirs, share and share alike.

"Item Three. Heretofore I have assisted my children by gifts in the shape of money and other valuable things, and I do not desire that said assistance shall be considered advancements or in any way obligating them to my estate.

"Item Four. I hereby appoint my friend of thirty-seven years, W. M. Bowles, executor of this my last will and testament, without bond.

"Witness my hand at Perry, Noble county,

state of Oklahoma, on this 9th day of October, A. D., 1930.

"Herbert J. Dayton, Testator.

"Witnesses:

"George W. Sheets and Emma E. Smith, at the request of the above-named testator, hereby certify that we signed our names hereto as witnesses, the last will and testament of Herbert J. Dayton; that said will was signed by the testator in our presence, read over by him in our presence, and he declared to us that the above and foregoing is his will; and we further certify at the time said will was executed Herbert J. Dayton was of sound mind and disposing memory.

"Name: George W. Sheets, P. O. Perry, Okla."

"Name: Emma E. Smith, P. O. Perry, Okla."

Under the contention of plaintiff in error the three notes of $507.73, $107.53, and $28.12 should be considered debts against the estate of Herbert J. Dayton, deceased, simply because said notes were signed by her. We cannot agree with this contention. The district court found, and from the record we believe correctly found, that the $507.73 note was the personal indebtedness of plaintiff in error. The record shows this indebtedness was incurred six months before her marriage with the deceased. The $107.50 item was one-half of a security debt paid by the executor on a note given by Ellen C. Groth, a daughter of plaintiff in error by a former marriage, and on which said note plaintiff in error and the said Herbert J. Dayton were sureties. The other note of $28.12 was the individual indebtedness of plaintiff in error. There is no doubt in the mind of the court but that the $507.73 note and the $28.12 note were evidences of individual and personal indebtedness of plaintiff in error. The $215 item was the primary indebtedness of Ellen C. Groth, daughter of plaintiff in error by a former marriage, evidenced by a note. Herbert J. Dayton and plaintiff in error were sureties on this note. The note was paid by the executor of the last will and testament of Herbert J. Dayton, deceased.

It has long been settled in this state that when a surety debt is paid by one of the sureties, he is entitled to contribution from the other surety or sureties, in such amount as will equalize the amount paid by each surety. Strickler v. Gitchel, 14 Okla. 523, 78 P. 94. The $107.50 item, being one-half of the amount paid by the executor as surety, is therefore a just charge against plaintiff in error. These three items were

not the debts of Herbert J. Dayton, they constituted the personal and private indebtedness of plaintiff in error, and the intention of the testator in providing that all of his just debts should be paid would not and does not include the personal debts that should be paid by another. Section 1579, Okla. Stats. 1931, provides:

"A will is to be construed according to the intention of the testator. * * *"

The fact that the testator provides in his will that any advances made to his children should not be considered as obligations to his estate, and the will is silent as to any indebtedness the wife might owe, confirms the theory that he did not intend the surety indebtedness to be given to her. The fact that he signed her note for $25 when he had ample money in the bank to have given her the $25 had he so desired, is also proof that he expected the surety obligations to be paid by the wife. The district court correctly found that the plaintiff in error should be charged with said indebtedness.

Plaintiff in error next contends that the district court erred in not distinguishing the law applcable to real property and the law applicable to personal property, and cites LaFoy v. LaFoy, 43 N. J. Eq. 206, 10 Atl. 266; 3 Am. St. Rep. 302, and Marvin v. Bowlby et al. (Mich.) 105 N W. 751.

These cases are in accord with the common law of England, in which real estate of a deceased person was not liable to answer even his own simple contract debts. An indebtedness to be a lien on real estate was required by the common law to be by an instrument under seal. Were this the law in Oklahoma, the contention of the plaintiff in error would be correct. Plaintiff in error admits that an indebtedness due from a legatee to a deceased ancestor may be deducted from the distributive share of said legatee. The law of Oklahoma makes no distinction between a legatee and a devisee. In the case of LaFoy v. LaFoy, cited by her, Judge Van Syckel quotes from the case of Courtenay v. Williams, 3 Hare. 552, as follows:

"The executors may say to the legatee: 'We admit your right to the legacy; you have assets of the testator in your hands; pay your legacy pro tanto out of those assets.' Again, the executor may say: 'You ask for a portion of the assets of the testator, but you are yourself a debtor to the testator's estate, and his assets are diminished pro tanto by your default. It is against conscience that you should take anything out of the estate until you have made good what

you owe to it, and the equity of a trustee to impound the interest of a cestui que trust in the trust fund under such circumstances is clear'."

Under the laws of Oklahoma the same questions may well be asked a devisee, as the law applies with equal force to a devisee as to a legatee.

The other case cited by her, Marvin v. Bowlby, is to the same effect. In the opinion, the court states:

"It is a recognized doctrine that the distributive share derived from personal property of an heir indebted to an estate may be retained by the administrator in payment of such debt. This same doctrine has also been applied to a debtor legatee by an unbroken line of authorities from the earliest English decisions to the present time. The doctrine is founded upon principle as well as upon authority. It is, in fact, the collection of a debt due the estate. Personal estate is assets in the hands of the administrator. He is required by law to convert personal property into money, to collect all debts due the estate from all debtors, including heirs. The heir has no title or claim to personal estate except a distributive share in the surplus after payment of debts and expenses of administration.

"No such doctrine has prevailed as to real estate. The title to the real estate vests in the heir at the date of the death of the ancestor. Real estate is not assets in the hands of a personal representative, and, unless otherwise charged by the terms of a will, is subject only to the contingency of a sale of so much thereof as may be necessary to pay the debts of the estate in case there is not sufficient personal estate for that purpose."

This is not the law in Oklahoma. In the administration of an estate both the real and the personal property are subject to distribution in one proceeding. Oxsheer et al. v. Nave, 90 Tex. 568, 40 S. W. 7, 37 L. R. A. 98; decided under a statute similar to the Oklahoma statute.

It is plain to see that the cases relied upon by plaintiff in error are in direct conflict with the statutes of Oklahoma. Plaintiff in error has evidently followed the old common-law doctrine instead of the statutory authority granted an executor under the laws of Oklahoma. Under the common law no act was necessary on the part of the executor to put the devisee in full enjoyment of the estate devised. The title to the real estate vested in the devisee at the date of the death of the testator. While our statute, section 1263, Okla. Stats. 1931, provides:

"All the property of a decedent, except as otherwise provided for the homestead and

personal property set apart for the surviving wife or husband and minor child or children, shall be chargeable with the payment of the debts of the deceased, the expenses of the administration, and the allowance to the family. And the property, personal and real, may be sold as the court may direct, in the manner hereinafter prescribed. There shall be no priority as between personal and real property for the above purposes."

And section 1193 of the same statutes provides:

"The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executors or administrators is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purpose of administration, as provided in this chapter."

Section 1274, Okla. Stats. 1931, provides that the **executor or administrator may sell any real** as well as personal property of the estate in his hands to pay the debts against a decedent, or the debts, expenses or charges of administration, or legacies, and section 1281 of the same statutes provides:

"If it appear necessary to sell a part of the real estate, and that by a sale thereof the residue of the estate, real or personal, or some specific part thereof, would be greatly injured or diminished in value, or subjected to expense or rendered unprofitable, or that after such sale the residue would be so small in quantity or value, or would be of such a character with reference to its future disposition among the heirs or devisees, as clearly to render it for the best interests of all concerned that the same should be sold, the court may authorize the sale of the whole estate, or of any part thereof necessary and for the best interest of all concerned."

It is plain to see that the statutes of Oklahoma conferred upon the executor in the case at bar full authority to make the sale of the real estate sold by him under order of the county court. The fact that it did not require the entire amount of the purchase price of the real estate sold to pay the debts is immaterial, for section 1281, Okla. Stats. 1931, shows that the sale is not necessarily to be limited to the amount required to meet the debts. What is for the best interest of the estate may be considered by the court, and the law presumes that the county court in issuing its order of

sale and in confirming the sale made by the executor followed the statutes above quoted.

This court has held that a suit to recover real property or to remove cloud and quiet title thereof may be maintained by an executor or administrator (see Jamison v. Goodwin, 43 Okla. 154, 141 P. 767); and that an executor may bring forcible entry and detainer. Cutburth v. Bell, 55 Okla. 157, 155 P. 1136. In the foreclosure of the mortgage an heir is not a necessary party, but is concluded by a decree against the administrator. McClung v. Cullison, 15 Okla. 402, 82 P. 499. And the California court, under a statute similar to our own, has held that the right to possession remains with the administrator exclusively until settlement or distribution, and also that ejectment cannot be maintained by heirs until administration of the estate has been settled or property distributed. See Meeks v. Hahn, 20 Cal. 620, and Meeks v. Kirby, 47 Cal. 168. And under the Dakota statutes, similar to our own, it has been held that an administrator may maintain an action to determine adverse claim to the real estate of an estate (Berry v. Howard, 26 S. D. 29, 127 N. W. 526); and that an heir cannot maintain partition where such an action is hostile to administration (Honsinger v. Stewart, 34 N. D. 513, 159 N. W. 12). We find no error in the judgment of the district court in deducting from the distributive share of the plaintiff in error in the proceeds of the sale of real estate the amount of her personal indebtedness to the estate.

Plaintiff in error next complains as to the fees allowed the executor in the sum of $438.35. The record in the case shows the inventory and sale of property of said estate amounts to $13,534. Section 1332, Okla. Stats. 1931, provides as follows:

"Fees and Commissions. When no compensation is provided by the will, or the executor renounces all claim thereto, he must be allowed commissions upon the amount of the whole estate accounted for by him, excluding all property not ranked as assets, as follows: For the first thousand dollars, at the rate of five per cent.; for all above that sum, and not exceeding five thousand dollars, at the rate of four per cent.; for all above that sum, at the rate of two and one-half per cent.; and the same commission must be allowed administrators. In all cases such further allowance may be made, as the county judge may deem just and reasonable, for any extraordinary service. The total amount of such allowance must not exceed the amount of commissions allowed by this section."

Under the above statute the executor should be allowed $50 for first $1,000; $200 for the next $5,000, and $238.35 for the remaining $7,534, a total of $438.35. We do not find that any error was committed in the fees allowed.

Plaintiff in error also complains that she was denied the right to a trial by a jury, and that the executor had no right to charge her distributive share with the alleged indebtedness, and neither the county court nor the district court had power to make this charge. In other words, plaintiff in error contends that neither the probate court nor the district court had jurisdiction to determine the amount of her alleged indebtedness to the estate. This question was passed upon in the case of Holden v. Spier et al. (Kan.) 70 P. 348, decided by the Supreme Court of Kansas, in which decision the court states:

"This cannot be regarded as an action by the administrators to recover money from Holden, nor to obtain a judgment in favor of the estate against him. It was within the power of the probate court to ascertain the extent of the estate, and in whose hands the funds or assets of the estate were held, and also to make such distribution as the law requires. Holden was claiming a share of the estate, and it devolved on the probate court to determine the amount of this share, and whether any portion of it was already in his hands. Before distribution could be made, it was necessary to ascertain the full amount of the fund to be distributed, and this could not be done until it was determined how much of the fund Holden held. As was said in Proctor v. Dicklow, 57 Kan. 125, 45 P. 88, 'The court having jurisdiction to make distribution of the estate, it follows, as a necessary incident to its jurisdiction, that it can determine who is entitled to the funds, and all questions necessary to a proper distribution of the estate.' See, also, Keith v. Guthrie, 59 Kan. 200, 52 P. 435; Lietman v. Lietman, 149 Mo. 112, 50 S. W. 307, 73 Am. St. Rep. 374; Woerner, Adm., sec. 142."

And the California court, under a statute similar to our own, has held that an administrator is not authorized to bring suit in equity to have the probate court instructed as to what distribution should be made, and has also held that the probate court (under our law the county court) has exclusive jurisdiction of all questions pertaining to settlement and distribution of an estate. See Toland v. Earl, 129 Cal. 148,

61 P. 914. To the same effect, Boyer et al. v. Robinson (Wash.) 66 P. 119.

The court finds that the county court had jurisdiction to pass on this question and the district court on appeal likewise had jurisdiction.

Plaintiff in error also complains that the amount charged against her in the sum of $750.85 was not correct. We have found that the total amount due from plaintiff in error consists of three items: $507.73, $107.50, and $28.12, making a total of $643.35, instead of $750.85 as found by the district court. The judgment should therefore be modified and the amount of $643.35 deducted from the $670.75, the amount of the distributive share that would have been due plaintiff in error had she not been indebted to the estate.

This leaves a balance due plaintiff in error of $27.40, together with interest at 6 per cent. from October 21, 1932, the date of the decree of final settlement of the county court, and distribution should be made accordingly.

The costs should be taxed against the plaintiff in error.

The judgment of the district court, as modified herein, is affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry G. Davis, Julian B. Fite, and Kelly Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davis and approved by Mr. Fite and Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.