## SPARKS et al. v. CALLOWAY.

No. 28195.　June 7, 1938.

Rehearing Denied June 28, 1938.

Application for Leave to File Second Petition for Rehearing Denied Sept 20, 1938.

H. B. Lockett, for plaintiffs in error.

Robert E. Owens, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. On the 26th day of January, 1937, Mrs. Minnie L. Calloway filed her complaint in forcible entry and detainer against Orin Sparks, Gene Sparks, and Forest Sparks to recover possession of a quarter section of land in Stephens county which was occupied by the said Sparks under an oral lease up to and including the 1st day of January, 1937. The defendants produced no testimony, although represented at the trial by counsel. Judgment was for the plaintiff in the justice of the peace court, and on appeal to the district court judgment was again entered for the plaintiff, at which time the judge stated that, there being no defense offered by the defendants, he would withdraw the case from the jury and enter judgment for the plaintiff. A motion for new trial was duly filed and an order overruling the same entered, and the defendants prosecute an appeal to this court by joint petition in error.

The judgment should be affirmed. The first specification of error is that the complaint is not sufficient. We shall discuss this in connection with the specification of error as to notice. No authorities are cited in support of this proposition. The second assignment of error is that incompetent evidence was admitted as to the rental contract. The plaintiff testified that there was no rental contract for 1937, and in order to prove that there was no rental contract a witness was called for the plaintiff who testified that the records did not show any contract for 1937. This is claimed as error. No reason is shown why this is prejudicial error. The plaintiff had already testified that there was no contract for 1937, and no attempt was made to. prove any kind of contract, either written or oral, either with this plaintiff or by the prior holder of the premises.

An objection is made to the service of notice before suit. Section 921, O. S. 1931, provides:

"It shall be the duty of the parties desiring to commence an action under this article, to notify the adverse party to leave the premises, for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with the defendant, or at his usual place of abode, if he cannot be found; such notice may also be served by leaving a copy thereof with some person over twelve years of age, on the premises described in the notice."

Substantial compliance with the terms of the statute is sufficient. Hobbs v. McGhee, 100 Okla. 210, 229 P. 240. Defendant objected to the method of proof of notice. Plaintiff testified that she served the notice on the 5th day of January, 1937. This testimony is uncontradicted. The technical requirements as to pleading are not required in an action in forcible entry and detainer, and where the complaint substantially meets the requirements of the statute, it is sufficient. Oklahoma City v. Hill, 4 Okla. 521, 46 P. 568; Martin v. Hartshorne, 17 Okla. 586, 87 P. 854; Cutburth v. Bell, 55 Okla. 157, 155 P. 1136; Avants v. Bruner, 39 Okla. 730, 136 P. 593. In Hobbs v. McGhee, supra, it is stated that the statute itself does not require such an allegation in the complaint that notice was given, but the giving of the notice must be proved as a jurisdictional fact where it is not waived. We are of the opinion, and hold. that the requirement of the statute as to pleading and proof of notice was duly met.

Defendants also urge that the complaint states that at least one of the defendants was rightfully on the premises and did not wrongfully . enter the premises, whereas it does not state which of the defendants wrongfully entered. The assignments of error are presented in a joint petition in error. If it is true that one of the defendants was rightfully on the premises and the proof is insufficient as to when he ceased to be rightfully thereon, such allegation of error cannot be presented, for the reason that it would be good as to only one defendant and not good as to the remainder. Haley v. Wyte, 169 Okla. 406, 38 P.2d 910.

Finally it is urged that the trial court erred in overruling the motion of the, defendants for a new trial; that the defendants show in their motion' that they were prevented from being present and making their defense in this action by events over which they had no. control. This statement is taken from the fifth assignment of error in the brief. Nowhere else in the brief is

there any evidence reviewed or mention made of this question. It is further stated that it is apparent from the record in this case that the plaintiff labored under the impression that because she had bought this property she was entitled to demand possession thereof regardless of the contracts the defendant might have had with her grantor before the purchase. This statement is also taken from the fifth assignment of error, and nowhere is there any evidence indicated to sustain this proposition, nor is it pointed out where the record sustains any such statement. This court has many times held that it is not the duty of this court to search the record in the absence of an analysis of the testimony upon any assignment of error, and where the testimony is not reviewed in the brief or evidence pointed out to support the same, the court will assume that said assignment of error has been waived. Tiger v. Coker, 180 Okla. 175, 68 P.2d 509; Schroeder v. Sanfort-Felt Inv. Co., 177 Okla. 54, 57 P.2d 601.

Finding no error in the judgment of the court, the same is affirmed.

RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur.