BONEWITZ et al. v. HOME OWNERS LOAN CORPORATION.

No. 30655. Dec. 22, 1942.

*132 P. 2d 644.*

H. B. Lockett, of Duncan, for plaintiffs in error.

Virgil O. Martin, of Duncan, for defendant in error.

HURST, J. This is an unlawful detainer action commenced in the justice court. From a judgment in favor of the plaintiff, Home Owners Loan Corporation, the defendants, C. E. Bonewitz and Margaret C. Bonewitz, appealed by bill of exceptions. The district court, on ap-

peal, affirmed the judgment of the justice court. Defendants appeal.

Defendants contend that proof of service of notice to terminate tenancy for nonpayment of rent and proof of service of the three-day notice to vacate before filing the action was not properly made. We agree with this contention. Over the objections of the defendants the two notices, with affidavits of W. J. Cormack showing service attached thereto, were introduced in evidence. Cormack also orally testified that he "served papers" on the defendants, but he did not identify the papers or testify as to what papers were served.

The terms of the agreement under which the defendants were in possession as tenants are not given in the record. Plaintiff does not contend that the case comes under the provisions of 41 O. S. 1941 § 8 so as to render the service of notice to terminate tenancy unnecessary. We assume, therefore, that the service of such a notice was necessary as provided in 41 O. S. 1941 §§ 4-7.

Service of the three-day notice as required by 39 O. S. 1941 § 395 is jurisdictional, and must be proved at the trial unless proof is waived. Sparks v. Calloway, 183 Okla. 332, 82 P. 2d 830.

Proof of the service of each of said notices must be made by competent evidence unless such proof is waived. Here, according to the record, the defendants objected to the introduction of the affidavits showing service attached to the notices. Said notices are not "notice or other process in an action" of which proof of service may be made by affidavit as provided in 12 O. S. 1941 § 431, over the objection of the opposite party. Tankersley v. Castanien, 63 Okla. 18, 162 P. 191; 26 C. J. 860.

We conclude that the justice court committed error in admitting in evidence the affidavit showing service of such notices, and the testimony was not sufficient to show service of the same. The district court committed reversible error in affirming the judgments.

Reversed, with directions to proceed in accordance with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.