Tom MORAN, Plaintiff in Error,

v.

J. T. HOOPER, Defendant in Error.

No. 37802.

Supreme Court of Oklahoma.

Feb. 4, 1958.

Sid White, Oklahoma City, for plaintiff in error.

Wilson, Wilson & Massad, by John B. Wilson, Jr., Frederick, for defendant in error.

BLACKBIRD, Justice.

In the trial de novo of this forcible detainer action in the county court, plaintiff's counsel attempted to prove that defendant had been served the statutory 3-day notice to quit, as a prerequisite to the filing of the action, by introducing in evidence the notice itself and by the testimony of one of the deputies of the sheriff who had signed the certificate of service attached to said notice. When the deputy, after identifying the signature thereon as that of the sheriff, was unable to testify that he personally knew that the notice had been served, the court first sustained, and later overruled, defense counsel's objection to the introduction of said notice and certificate of service.

After plaintiff's evidence was all in, defense counsel made no attempt to introduce any evidence on his client's behalf, and in his absence, but demurred to plaintiff's evidence. When the demurrer was overruled and an exception was allowed defendant, the court entered judgment for plaintiff, ordering the land restored to his possession

and allowing his recovery from defendant of the sum of $100 per year as rental therefor from January 1, 1956, until the land was surrendered to him.

As one ground for reversal, defendant urges alleged error of the trial court in overruling his demurrer to plaintiff's evidence. One of the grounds of the demurrer challenged the court's jurisdiction because of plaintiff's failure to prove defendant had had the 3-day notice required by Tit. 39 O.S.1951, sec. 395; and it seems to be conceded that such notice was a jurisdictional prerequisite to the commencement of the action. It thus appears that if this issue is determined in defendant's favor, such determination will be decisive of this appeal, and render unnecessary, consideration of other assigned errors.

It is plaintiff's position that a certain letter from him to defendant cured the admitted deficiency in his proof, in that it constituted an acknowledgment of the notice required by the above-quoted statute. We do not agree. Said letter was dated November 25, 1955, which was more than three weeks prior, both to the issuance of the 3-day notice to quit and to the commencement of the action in the justice court. Furthermore, plaintiff's wife's testimony positively identified the only portion of said letter, that had any reference to a notice, as referring specifically to a notice to terminate tenancy. This testimony on behalf of plaintiff, together with the wording of the letter itself precluded said Exhibit's consideration as an acknowledgment of service of the 3-day notice in question. Plaintiff's position that introduction of said writing cured his failure to prove the service of that particular notice is therefore without merit. Under the rule heretofore consistently followed by this court, plaintiff's evidence was insufficient to establish his right to the judgment rendered in his favor, and defendant's motion for a new trial should have been sustained on that account, if no other. See Bonewitz v. Home Owners Loan Corp., 191 Okl. 654, 132 P.2d

644, and the authorities therein cited. The judgment appealed from is therefore vacated and the within cause is remanded to the trial court with directions to vacate same, and grant defendant a new trial.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and CARLILE, JJ., concur.