BLUMER BREWING CORPORATION, Appellant, vs. MAYER, Administrator, and another, Defendants: RODERICK, Administrator, Respondent.

*October 14—November 10, 1936.*

542

For the appellant there was a brief by *Olin & Butler* of Madison and *Dunwiddie & Thurber* of Monroe, attorneys, and *R. M. Rieser* of Madison of counsel, and oral argument by *Mr. Rieser* and *Mr. Wm. F. Thurber*.

For the respondent there was a brief by *Burmeister & Snodgrass* of Monroe, and oral argument by *Roy F. Burmeister* and *Philip Snodgrass*.

ROSENBERRY, C. J.   The principal question for decision is, Did Charles R. Einbeck as surviving partner under the circumstances of this case have authority to continue the partnership business after the dissolution of the partnership brought about by the death of Hugo Einbeck? The defendants contend that a partnership business may be continued after the death of a partner under the following circumstances and no other : (1) If it is provided by the partnership agreement and such agreement is binding on the estate of the deceased partner; (2) if it is so directed in the will of the deceased partner; (3) pursuant to order of the court first

obtained; (4) by agreement by the surviving partner and legal representatives of the deceased partner, provided the legal representative has been given by the will of decedent the necessary power or the agreement is approved by the court.

The plaintiff does not seriously contest these propositions as matters of general law, but contends that the propositions of general law have been modified by the provisions of the Uniform Partnership Act, ch. 123, Stats. It is to be noted in this case that the administrator did not assume or attempt to assume the duties of an active partner. All that was done in this case was to permit the interest of Hugo Einbeck, the deceased partner, to remain in the partnership business and to be thereafter administered by Charles R. Einbeck as surviving partner. The estate in no sense became a partner in the business and its liability under any theory of the law was limited to the interest of Hugo Einbeck in the partnership assets.

A determination of the issue raised in this case depends upon the interpretation given to sec. 123.36 (1), (2), and (3), Stats. (printed in the margin [1]), relating to rights and

---

[1] "123.36 *Rights and liabilities on continuing business after dissolution without liquidation.* (1) When any new partner is admitted into an existing partnership, or when any partner retires and assigns (or the representative of the deceased partner assigns) his rights in partnership property to two or more of the partners, or to one or more of the partners and one or more third persons, if the business is continued without liquidation of the partnership affairs, creditors of the first or dissolved partnership are also creditors of the partnership so continuing the business.

"(2) When all but one partner retire and assign (or the representative of a deceased partner assigns) their rights in partnership property to the remaining partner, who continues the business without liquidation of partnership affairs, either alone or with others, creditors of the dissolved partnership are also creditors of the person or partnership so continuing the business.

"(3) When any partner retires or dies and the business of the dissolved partnership is continued as set forth in subsections (1) and (2) of this section, with the consent of the retired partners or the representative of the deceased partner, but without any assignment

liabilities on continuing the business of a partnership after dissolution without liquidation.

The obvious purpose of this section is to continue the partnership business without the disruption and confusion which resulted at common law when a partner retired or died. Sub. (1) relates to the admission or retirement of partners, and provides that "when any partner retires and assigns (or the representative of the deceased partner assigns) his rights," etc., the succeeding partners are liable both to old and new creditors. Sub. (2) provides that, when all but one partner retire and assign (or the representative of a deceased partner assigns), the person continuing the business shall be liable both to old and new creditors. Sub. (3), the one, if any, which is applicable to this case, provides that, when any partner retires or dies and the business is continued with the consent of the retired partner "or the representative of the deceased partner, but without any assignment of his right in partnership property," the continuing partnership business shall be liable as if such assignment had been made. Under sub. (3) when a partner dies and his personal representatives consent to a continuation of the business, the law takes hold of the situation, and the consent of the personal representative has the same effect as if an effective assignment had been made and subjects the interest of the deceased partner in the partnership property to the claims of existing and future creditors.

Did Charles R. Einbeck, as administrator of the estate of Hugo Einbeck, have power to give such consent? The interest of Hugo Einbeck in the partnership property was personal property. Sec. 123.05, Stats. *Mattson v. Wagstad* (1926), 188 Wis. 566, 206 N. W. 865. Charles R. Einbeck, as administrator of the estate of Hugo Einbeck, had power

of his right in partnership property, rights of creditors of the dissolved partnership and of the creditors of the person or partnership continuing the business shall be as if such assignment had been made."

to sell and dispose of the personal estate without order of court, and to pass good title thereto. *Munteith v. Rahn* (1861), 14 Wis. *210; *Williams v. Cobb* (1916), 242 U. S. 307, 37 Sup. Ct. 115.

We are not called upon to consider here and do not consider to what extent, if at all, an administrator may make himself personally liable in dealing with the assets where he proceeds without an order of the court. It would seem to require no argument to show that an administrator who had power to sell and dispose of an estate,—in this case, the interest of Hugo Einbeck in the partnership business,—had power to consent to the retention of the assets by the surviving partner in the continuation of the business. While the Uniform Partnership Act deals with partnership law, and we are unable to discover any intention on the part of the legislature in adopting that act to enlarge or affect in any way the power of administrators and executors, the statute must be construed with regard to the purpose its framers sought to attain. In the past there have been numerous instances in which the interest of the deceased partner in the partnership business has been allowed to continue. Where the partnership venture proved successful, of course no questions arose, everyone concerned was benefited. When, however, the partnership venture proved unsuccessful, many difficult questions were presented for solution growing out of the fact that at common law as under the statute the death of a partner dissolved the partnership. Claims of existing creditors were against the partnership as it then stood. Claims of future creditors were against the business as subsequently continued, and the determination of the rights of the various classes of creditors presented problems very difficult of solution and upsetting to business transactions. The framers of the act said:

"The neglect of the retiring partners or of the representatives of the deceased partner should not as at present create

inexecrable confusion between the creditors of the first and second partnership in regard to their respective rights in the property employed in the business. Both classes of creditors should be ahead of the claim of such retired partner or the representative of the deceased partner, and both classes of creditors should also have equal rights in the property. This paragraph probably effects a change in the present law, though the same result is often now brought about by implying a promise to pay the debts of the dissolved partnership on the part of the person or partnership continuing the business."

It is considered that under this section it is not necessary for the administrator to be authorized by the court to give his consent. The situation which is dealt with by the statute is one where, with the knowledge and acquiescence of an administrator, the surviving partner is permitted to retain the interest of the deceased partner in the business and to continue it. When that happens, it operates as an assignment of the interest of the deceased partner to the surviving partner or partners. If the statute be not so construed the principal purpose of its framers will be defeated. What is sought is not an enlargement of the power of an administrator, but protection of the partnership creditors and a definition of their rights. That an administrator had such power even at common law is established by *Hoyt v. Sprague* (1881), 103 U. S. 613, 26 L. Ed. 585, and *Big Four Implement Co. v. Keyser*, 99 Kan. 8, 161 Pac. 592, L. R. A. 1917 C, 166. In cases involving this statute consideration must be given also to the manner in which the question considered by the court arose. The statute in question does not 'seek to define the rights of the beneficiaries of an estate as against the administrator of an estate who has consented. Most of the cases deal with a conflict of interest between the creditors of the partnership and the heirs of the deceased partner, although in *Hoyt v. Sprague, supra,* the liability of the administrator to the heirs of the deceased partner is adverted to.

The next question which arises is the power of Charles R. Einbeck to consent to the continuance of the business by Charles R. Einbeck, surviving partner. It is argued that Charles R. Einbeck had no power to contract with himself in different capacities. It is not considered that what happens in cases of this kind is a matter of contract. It was because there were so many cases in which no contract was made that legal consequences are given to the act of consent by sec. 123.36, Stats. Certainly under the facts of this case the administrator must be held to have acquiesced and consented to the continuation of the partnership business and to the employment of the interest of the deceased partner in that business. We shall not at this time inquire what, if anything, the county court might have done either upon its own motion or upon petition of the heirs of Hugo Einbeck to require the partnership business to be liquidated, nor shall we deal with the question of estoppel which was dealt with and considered at length in *Hoyt v. Sprague, supra*. It may be said, however, that none of the heirs of Hugo Einbeck in any way protested against the continuation of the partnership business and the employment of the interest of Hugo Einbeck therein. While the trial court found that they had no knowledge of the manner in which the business was being conducted, or the fact that the interest of Hugo Einbeck was in the business, certainly they must be charged with knowledge of the fact that Hugo Einbeck was dead; that he left as a part of his estate his interest in the partnership, Einbeck Brothers; that the estate has not been distributed, although payments had been made on account. They were certainly chargeable with knowledge that the estate was being administered in the county court of Green county. If no accounts were filed, the law provides a means by which they could require an accounting to be made by the administrator. Whether or not they are in fact estopped, a question not necessary to be

decided here, their equities are greatly weakened by their failure to move within a reasonable time.

It is considered that the court was in error in holding that the interest of Hugo Einbeck in the partnership property was not liable for subsequent debts of the partnership business continued by Charles R. Einbeck in the name of Einbeck Brothers. We perceive no reason why the court should not appoint a receiver for liquidation of the assets belonging to the partnership. Whatever the rights of the respective administrators may be, their interests are conflicting, and it is in the interest of the heirs of both as well as the creditors of the partnership that the partnership assets be disposed of as such.

The court admitted in evidence the books of account of Einbeck Brothers, including those before as well as those after the death of Hugo Einbeck. It is claimed that these are not properly verified as required by sec. 327.24 (1), Stats. While it was true that the bookkeeper who made most of the entries, and under whose supervision they were all made, did not testify that the entries were just, he testified that they were correct and in accordance with the facts therein stated. It would be difficult to distinguish between a just entry and a correct entry. While the words in many connotations are not synonymous, an entry could hardly be just that was not correct and a correct entry would be just. It is considered that the books were properly received.

*By the Court.*—The judgment appealed from is reversed, and cause remanded for further proceedings as indicated in the opinion.