Roger AXTELL, Robert M. Bolz, John A. Bolz and Robert C. Beck, as trustees of the Robert M. Bolz 1972 Family Trust, Marcella C. Candlin, Marcus Cohen, James R. Cripe, James G. and Judy Derouin, Lloyd F. Durand, Katherine G. Gansner, Sherry Goldstein, Michael M. Goode, Orin A. Hermundstad, Richard H. Holt, Lawrence H. Landweber, Sanford Mackman, Nicholas E. and Elaine H. Mischler, Hubert V. Moss, Ronald G. Schmidt, Donald S. Schuster, Douglass C. Tormey, Frank Tuerkheimer, and Everett P. Weaver and Rita C. Weaver, as trustees of the Everett P. Weaver Living Trust, Plaintiffs,

v.

CANYON CENTER LIMITED PARTNERSHIP, a Wisconsin limited partnership, Madsen Partners V, a Wisconsin general partnership, Madsen Investment Services, Inc., a Wisconsin corporation, Madsen Corporation, a Wiscon-

sin corporation, Douglas T. Madsen, Charlotte Lee, Howard Padley, Craig Johnson, Michael L. Morey, Victor H. Schneider, Neil H. Wagner, D. Gordon Kownig, Fritz E. Grutzner, Thomas V. Lander, Rex A. Renfrew, Thomas G. Klein, John E. Bosio, Peter D. Hanson, and James Martell, Defendants.

William H. BARTLETT, Charles P. and Martha L. Casey, and John R. D'Orazio, Plaintiffs,

v.

CANYON CENTER LIMITED PARTNERSHIP, a Wisconsin limited partnership, Madsen Partners V, a Wisconsin general partnership, Madsen Investment Services, Inc., a Wisconsin corporation, Madsen Corporation, a Wisconsin corporation, Douglas T. Madsen, Charlotte Lee, Howard Padley, Craig Johnson, Michael L. Morey, Victor H. Schneider, Neil H. Wagner, D. Gordon Kownig, Fritz E. Grutzner, Thomas V. Lander, Rex A. Renfrew, Thomas G. Klein, John E. Bosio, Peter D. Hanson, and James Martell, Defendants.

George T. BRYAN, First Wisconsin Trust Company, as trustee of the Barbara G. Wrase Revocable Trust, First Wisconsin Trust Company, as trustee of the Jean W. Frey Trust, and Robert R. Retzlaff, Plaintiffs,

v.

CANYON CENTER LIMITED PARTNERSHIP, a Wisconsin limited partnership, Madsen Partners V, a Wisconsin general partnership, Madsen Investment Services, Inc., a Wisconsin corporation, Madsen Corporation, a Wisconsin corporation, Douglas T. Madsen,

Charlotte Lee, Howard Padley, Craig Johnson, Michael L. Morey, Victor H. Schneider, Neil H. Wagner, D. Gordon Kownig, Fritz E. Grutzner, Thomas V. Lander, Rex A. Renfrew, Thomas G. Klein, John E. Bosio, Peter D. Hanson, and James Martell, Defendants.

Nos. 87–C–808–C, 87–C–831–C and 87–C–853–C.

United States District Court, W.D. Wisconsin.

May 4, 1988.

Stephen L. Morgan, Murphy & Desmond, S.C., Madison, Wis., for plaintiffs.

Donald K. Schott, Quarles & Brady, Madison, Wis., for defendants.

## ORDER

CRABB, Chief Judge.

IT IS ORDERED that the magistrate's Report and Recommendation is ADOPTED as the court's own; the motions to dismiss of defendants Padley, Johnson, and Schneider are DENIED; and the motion for summary judgment of defendant Lee is GRANTED.

## REPORT AND RECOMMENDATION

JAMES GROH, United States Magistrate.

In a Report and Recommendation entered on April 1, 1988, in these three related cases, the United States Magistrate recommended denial of the motions to dismiss of defendants Padley, Johnson, and Schneider, and granting of the motion for summary judgment of defendant Charlotte Lee. Plaintiffs have not objected to the recommendation to grant defendant Lee's motion, and it will be granted. The moving defendants have objected to the recommendation to deny their motion. After consideration of their arguments and the magistrate's report, I conclude that the magistrate's recommendation is correct, and I will deny the motions.

The moving defendants contend that the pleadings do not adequately allege fraud against them. The magistrate concluded that they did, and I agree. Defendants argue that plaintiffs have not spelled out the specific wrongful acts allegedly committed by each defendant, but have alleged only that "all defendants" committed certain wrongful acts. However, as the magistrate pointed out, these defendants were general partners in the defendant Madsen Partners V partnership and as such have individual liability for the obligations of the partnership, including the wrongful acts of other partners. Thus, it is unnecessary for plaintiffs to break down the wrongful acts by individual defendant. To the extent that *Natowitz v. Mehlman*, 542 F.Supp. 674 (S.D.N.Y.1982) holds to the contrary, I find it unpersuasive.

The complaint is adequate to apprise the defendants of the essential claims against them. Defendants may obtain additional information through the normal processes of discovery.

In these three related cases, plaintiffs allege a variety of claims under federal and Wisconsin law involving alleged misrepresentation in the same offering and sale of securities. Defendants are the same in all three cases, as are the claims for relief. The first claim arises under Section 12(2) of the Securities Act of 1933 (15 U.S.C. § 77l(2)). The second claim is for relief under Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j). The remaining claims involve Wisconsin law. The third asserts violations of the Wisconsin Uniform Securities Act (Wis.Stat.Chap. 551). The fourth through sixth claims are grounded upon intentional, strict liability and negligent misrepresentation, and the seventh alleges defendants' breach of fiduciary duty to plaintiffs. All complaints assert essentially the same facts.

Defendants Lee, Padley, Johnson and Schneider move to dismiss each of the complaints under Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity. Defendant Lee also moves to dismiss the complaints for failure to state a claim under Fed.R.Civ.P. 12(b)(6). I will consider the Rule 9(b) motions first because they do not require consideration of matters beyond the face of the complaints.[1]

## FINDINGS OF FACT

For the purpose of the Rule 9 motions only, I find the following facts from the well-pleaded allegations of the Complaints.[2]

The plaintiffs[3] are purchasers of 77 of 100 limited partnership units offered at $24,000 each by defendant Canyon Center Limited Partnership (Canyon Center), a Wisconsin limited partnership. (Complaints, ¶¶ 4, 15) Canyon Center was organized for the purpose of developing a mixed-use real estate project (to be known as Canyon Center) in Boulder, Colorado. (Complaints, ¶ 4) The limited partnership units are securities within the meaning of 15 U.S.C. § 77b, 78c and Wis.Stat. Chap. 551. (*Axtell* and *Bryan*, ¶ 21; *Bartlett*, ¶ 19)

Canyon Center's general partner is defendant Madsen Partners V, a Wisconsin general partnership formed for the purpose of holding investments and real estate and acting as the general partner of various ventures and partnerships. (Complaints, ¶ 7) The moving defendants are four of Madsen Partners' 15 general partners, all of whom have been named as defendants. (Complaints, ¶ 8)[4]

Defendant Madsen Corporation (Corporation) is a Wisconsin corporation engaged in the businesses of construction, real estate development and brokerage, management, and mortgage financing. The Corporation entered into contracts with Canyon Center whereby the Corporation would manage and provide interim financing to Canyon Center, manage the project, and serve as the projects' general contractor. (Com-

1. The motions in all three cases were briefed together and will be considered together. The parties acknowledge that the complaints and the issues are substantially identical in all three cases. (Plaintiff's brief at 1; Case No. 87–C–808–C, Dkt. # 13; Case No. 87–C–831–C, Dkt. # 11; Case No. 87–C–853–C, Dkt. # 11; Padley, Johnson and Schneider brief at 2; Case No. 87–C–808–C, Dkt. # 10; Case No. 87–C–831–C, Dkt. # 8; Case No. 87–C–853–C, Dkt. # 8; Lee reply brief at 2; Case No. 87–C–808–C, Dkt. # 15; Case No. 87–C–831–C, Dkt. # 13; Case No. 87–C–853–C, Dkt. # 13).

2. These findings are drawn from the complaints in the three cases. Reference to the complaints are as follows: Case No. 87–C–808–C (Dkt. # 3) will be referred to as "*Axtell*," Case No. 87–C–831–C (Dkt. # 2) as "*Bartlett*," and Case No. 87–C–853–C (Dkt. # 2) as "*Bryan*." Where complaints are identical, reference will simply be to

"Complaints." The original *Axtell* complaint was filed October 15, 1987. (*Axtell*, Dkt. # 2) and an amended complaint was filed November 4, 1987. (*Axtell*, Dkt. # 3) The *Bartlett* complaint was filed October 26, 1987, and the *Bryan* complaint on November 4, 1987.

3. Almost all of the plaintiffs are adult residents of the State of Wisconsin. (Complaints, ¶ 3) However, in the *Axtell* action, plaintiffs Everett P. Weaver and Rita C. Weaver are trustees of the Everett P. Weaver Living Trust of Winnetka, Illinois. (*Axtell*, ¶ 3(v)). In the *Bryan* action plaintiff First Wisconsin Trust Company is the trustee of the Jean W. Frey Trust and the Barbara G. Wrase Revocable Trust, both of Milwaukee, Wisconsin. (*Bryan*, ¶¶ 3(b), (c)).

4. Defendant Lee is treated as a partner, as alleged, for the purpose of the Rule 9(b) motions only.

plaints, ¶ 5) Defendant Madsen Investment Services, Inc., a Wisconsin corporation, was Canyon Center's broker-dealer responsible for the sale of Canyon Center limited partnership units. (Complaints, ¶ 7)[5]

Between October and December, 1984, defendants promoted the Canyon Center venture as an investment opportunity among investors in the Madison area, and, in connection therewith, published and circulated a confidential Offering Memorandum dated October 1, 1984, regarding the investment. (Complaints, ¶¶ 10, 11) Plaintiffs themselves had no knowledge of the commercial real estate market in the Boulder area beyond the information provided by defendants. (*Axtell* and *Bryan* ¶ 24; *Bartlett*, ¶ 27) The Offering Memorandum contained matter which was material to plaintiffs' investment decisions, and they relied upon it in making their investment decision. (Complaints ¶¶ 12–13) Commencing October 15, 1984, plaintiffs committed themselves to the purchase of from one to five limited partnership units each and executed promissory notes for the unpaid balance of their investments. (Complaints ¶ 15)

Through the Offering Memorandum and related correspondence and oral discussions, defendants made, authorized, adopted, or ratified false and misleading representations of fact, and omitted to disclose facts, which were material to plaintiffs' decision to invest. Specifically:

(a) Defendants made statements in the Offering Memorandum based on a market study report entitled the "Goodkin Report" which was completed on or about May, 1982, and failed to supplement said report with information regarding changes in the economic condition of Boulder, Colorado (hereinafter the "Boulder area"), in 1984;

(b) Defendants rendered an incomplete description of potentially competitive retail and office space in the Boulder area by referring only to the Exeter Project and projects in the Diagonal area and by omitting to disclose the capacities of other retail and office projects that existed and/or were being developed in the Boulder area;

(c) Defendants failed to disclose the recommendations and conclusions contained in the Goodkin Report regarding the need for new office space in the Boulder area per year, and failed to disclose that in 1984 the amount of office space under construction in the Boulder area exceeded the projected need for such space as designated in the Goodkin Report;

(d) Defendants stated that Storage Technology Corporation was the largest single employer in the Boulder area, and omitted to state that Storage Technology Corporation laid off large numbers of employees in 1983 and 1984, experienced substantial business reversals in 1983 and 1984, and filed for protection from creditors under federal bankruptcy law on or about October 31, 1984;

(e) Defendants issued projections on the economic future of the Partnership based on an occupancy rate of 35% in 1984, 87% in 1985 and 95% thereafter, and failed to disclose: (i) that the building would not be available for occupancy until 1985 and (ii) that the Goodkin Report advised Defendants to expect rental and occupancy of office space to occur in even increments over a period of three years and rental of retail space to occur within nine to twelve months;

(f) Defendants failed to disclose a full and accurate description of the 1984 economic climate in the Boulder area by failing to communicate the slowdown and contraction of various industries in the Boulder area;

(g) Defendants failed to disclose that the Partnership would incur substantial extraordinary expenditures in order to

---

5. Canyon Center Limited Partnership, Madsen Partners, Madsen Corporation and Madsen Investment Services all have their principal offices at 2445 Darwin Road, Madison, Wisconsin 53704. (Complaints, ¶¶ 4–7)

satisfy the needs of particular tenants; and

(h) Defendants failed to disclose conclusions contained in the Goodkin Report questioning the feasibility of retail space as part of a mixed-use or high-density project in view of competition from other retail stores in the Boulder area.

(Complaints ¶ 14, *Axtell* and *Bryan* ¶ 22; *Bartlett*, ¶ 20.) [6]

The Canyon Center project apparently was not a success, and defendants also concealed its failings: specifically, that the capital costs exceeded projections; that income was substantially less than projected and operating deficits could not be covered; that the limited partnership was in arrears on mortgage and real estate tax payments; that rent concessions had impaired projected income; that plaintiffs' capital contributions had not been applied in the best interests of the limited partnership; and that the limited partnership was not financially sound. (*Axtell* and *Bryan*, ¶¶ 16 & 17; *Bartlett*, ¶¶ 23 & 26) Defendants also failed to provide plaintiffs with the financial statements for 1986 as required by the limited partnership agreement. (*Id.*)

All of the defendants were issuers or agents of issuers of securities (the limited partnership units) within the meanings of 15 U.S.C. §§ 77b, 78c(a)(8) and Wis.Stat. Chap. 551. (*Axtell* and *Bryan*, ¶ 19; *Bartlett*, ¶ 17) Each defendant actually participated in and controlled the operations of the limited partnership, including the transactions complained of. Each defendant was a controlling person of the limited partnership within the meaning of 15 U.S.C. §§ 78t(a) and 78*o* and an agent of it within the meaning of Wis.Stat. Chap. 551. (*Axtell* and *Bryan*, ¶ 20; *Bartlett*, ¶ 18) [7]

As a result of the defendants' conduct, plaintiffs have been damaged in an amount equal to their investments, and are further entitled to punitive damages. *Axtell* and *Bryan*, ¶ 25; *Bartlett*, ¶ 28) Plaintiffs have tendered return of their limited partnership units in exchange for the return of their investments, lost earnings and expenses. (*Axtell* and *Bryan*, ¶ 26; *Bartlett*, ¶ 22)

Jurisdiction over the federal claims is conferred on the court by 15 U.S.C. §§ 77v and 78aa and 28 U.S.C. § 1331, and pendent jurisdiction is asserted as to the state claims. The claims share a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

## CONCLUSIONS OF LAW

### 1. *The Rule 9(b) Motions*

Four individual defendants have moved for dismissal of all fraud claims in all three complaints for failure to plead the circumstances of the fraud with particularity as required by Fed.R.Civ.P. 9(b). [8] Defendants Padley, Johnson and Schneider also move, in the alternative, for more definite statements under F.R.Civ.P. 12(e). As to the moving defendants, the complaints allege only that they (along with the eleven other individual defendants) are partners in defendant Madsen Partners V which is, in turn, the general partner of defendant Canyon Center Limited Partnership, the issuer of the limited partnership units purchased by plaintiffs. At least four of the seven claims in the complaint are based upon some statutory or common law claim of fraudulent misrepresentation or omission in connection with the sales of those units to plaintiffs. [9] In considering the sufficien-

---

**6.** It will be noted that no purchase agreements, offering memorandum, general or limited partnership agreement, management agreement or any other document pertaining to the venture were attached to any of the complaints.

**7.** The Complaints (¶ 14) also allege broadly that defendants conspired to commit the acts of fraud charged. The sufficiency of that further allegation is not presented in a Rule 9(b) mo-

tion. The Complaints (¶ 14) also allege that persons unknown aided and abetted the fraud.

**8.** Since I have also concluded (*infra* pp. 564–566) that defendant Lee is entitled to judgment on her motion to dismiss, it is unnecessary to consider her separate arguments on the instant motion.

**9.** The parties do not raise the issue whether the claims for *negligent misrepresentation* are cover-

cy of complaints, the well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the light most favorable to the plaintiffs. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981).

> Fed.R.Civ.P. 9(b) requires that:
>
> [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) cannot be read in isolation, and must be considered in the context of the general pleading requirements of Fed. R.Civ.P. 8 which require a "short and plain statement" of the claim for relief stated simply, concisely and directly. *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir.1975). *Tomera* is a leading case in this circuit on the application of Rule 9(b), and its authority was reinforced in a non-securities fraud context in *Haroco Inc. v. Am. Nat. B. & T. Co.*, 747 F.2d 384 (7th Dir.1984), affirmed 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). In *Tomera* the court clearly negated any implication that a detailed exposition of the evidentiary facts was required, holding that Rule 9 identifies those cases where *"slightly more* is needed for notice." *Tomera*, 511 F.2d at 508. (See also C. Wright, *The Law of Federal Courts* (1983 ed.) at 447–448; Wright & Miller, *Federal Practice and Procedure* § 1298) Thus, the court sustained a pleading which set forth the "bare bones" of the scheme. 511 F.2d at 508.

> Her first amended complaint notified defendants of the nature of her claims, a rule 10b–5 securities fraud, and it alleged the details, *a brief sketch* of how the fraudulent scheme operated, when and where it occurred, and the participants.

This is enough. More information can be gathered through discovery. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). [emphasis added] *Tomera*, 511 F.2d at 509. See also *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3rd Cir.1984), *cert. denied* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

Plaintiffs' complaints readily satisfy this standard. The circumstances constituting the fraud clearly appear. The purchase transactions are identified and the content of the omitted or misrepresented matter is set forth at length.[10] The allegations that an Offering Memorandum, dated October 1, 1984, was prepared and circulated to promote the sale of the units and that the promotion extended from at least October to December, 1984, in the Madison, Wisconsin area were adequate to inform defendants of the time and place of the allegedly fraudulent conduct. In all these respects, the complaints give the moving defendants fair and adequate notice of the claims of fraud. See *Haroco*, 747 F.2d at 405.

The principal focus of defendants' arguments is that they can not identify the specific charges against them individually because plaintiffs have lumped all the defendants together throughout the complaints. Thus, they contend, they are unable to identify the conduct with which they are charged and unable to fashion a responsive pleading.

It is true that allegations of fraud asserted only against "defendants" collectively may offend Rule 9(b). See *e.g. D & G Enterprises v. Continental Ill. Nat. Bank*, 574 F.Supp. 263, 267 (N.D.Ill.1983). However, the argument lacks force here.[11] While each of the non-individual defendants has been ascribed an operative role in the

---

ed by Rule 9(b). Plaintiffs do contend that their claim for relief based on Section 12(2) of the Securities Act of 1933 (15 U.S.C. § 77*l*(2)) is not subject to Rule 9(b). I do not find it necessary to consider either of these questions in light of the disposition of the motion with regard to the other claims which unquestionably sound in fraud.

**10.** It is important to note that on this motion the merit or legal sufficiency of the claims are not before the court.

**11.** This conclusion is reinforced by the fact that all the other defendants in the case have answered (excepting Rex Renfrew, who apparently has not been served-see *Axtell*, Dkt. # 19); (*Axtell*, Dkt. # 17; *Bartlett*, Dkt. # 15; *Bryan*, Dkt. # 15).

promotion, management, or operation of the Canyon Center venture, none of the individual defendants (including the moving defendants) are identified as having any role other than that of being general partners in defendant Madsen Partners V partnership.[12] Thus, moving defendants, with other individual defendants, are all part of a collective—Madsen Partners V—and as such they are individually liable for the obligations of the partnership, including the wrongful acts of other partners. See Wis.Stat. §§ 178.06, .10–.12, and .18. Whether the individual partners personally participated in the conduct giving rise to the liability is irrelevant. Wis.Stat. § 178.-06(1). Since Madsen Partners V is also the general partner of defendant Canyon Center Limited Partnership, the individual defendants also have the equivalent liability with regard to the obligations of the limited partnership. (Wis.Stat. §§ 179.33 and sections cited above.)[13] In this respect, moving defendants are again part of a collective.

In these circumstances, the need for particularization as to each individual defendant is simply non-existent. C.f. *Federal Deposit Ins. Corp. v. Kerr*, 637 F.Supp. 828, 834 (W.D.N.C.1986); *Banowitz v. State Exchange Bank*, 600 F.Supp. 1466, 1469 (N.D.Ill.1985) The potential liabilities confronting the moving defendants are the same as those confronting Madsen Partners V and Canyon Center, and both have filed answers. It is obvious that each of the partnership entities felt that the claims against them were stated with sufficient particularity to enable them to plead. To require plaintiff to allege, with regard to each movant, all of the fraudulent acts chargeable to the partnerships would be a pointless exercise under these circumstances. Accordingly, I conclude that the requirements of Rule 9(b) have not been infringed by the aggregated references to the defendants in the Complaints.

■ Finally, defendants also contend that plaintiffs' allegations on information and belief fail to meet Rule 9(b)'s particularity requirements. Here, again, plaintiffs satisfy Rule 9(b). The allegations made on information and belief were that each defendant was a controlling person and an agent of the limited partnership, and that each person authorized or ratified the false representations. (*Axtell* and *Bryan*, ¶¶ 20, 22)[14] These allegations go to the internal operations of the limited partnership and Madsen Partners. As such, they are adequate so long as a statement of the facts on which the belief is founded is offered. *Moore's Federal Practice* ¶ 9.03[1] at 9–27, 9–28. Although the complaints do not directly state the basis of their information and belief, it is readily apparent from the complaints that, insofar as the allegations pertain to movants, the alleged authority derives from the movants' status as partners in the Madsen Partners V, the general and controlling partner of Canyon Center Limited Partnership. See Wis.Stat. §§ 178.06, 178.10–.12, 179.33.

For the foregoing reasons, it will be recommended that the motions to dismiss for failure to plead the circumstances of fraud with particularity under Fed.R.Civ.P. 9(b) be denied.

### 2. *Defendant Lee's Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)*

Paragraph 8(b) of the Complaints alleges that

(b) Defendant Charlotte Lee, who, upon information and belief, resides at 218 Helen Street North, Hudson, Wisconsin, is a general partner of Defendant Partners. Defendant Lee obtained this general partnership interest from the estate of her husband, Robert Lee, who was at all times material to this

---

**12.** See Complaints ¶ 4 as to the Limited Partnership, ¶ 5 as to Madsen Corporation, ¶ 6 as to Madsen Partners V partnership, and ¶ 7 as to Madsen Investment Services, Inc.

**13.** The liability of a limited partner is, of course, limited as long as he or she does not exercise

the control powers of general partners. Wis. Stats. § 179.23.

**14.** The *Bartlett* complaint does not make these allegations on information and belief. (*Bartlett*, ¶¶ 18, 20)

lawsuit a general partner of Defendant Partners.

Defendant Lee's motion challenges the assertion that she is a partner, and seeks dismissal of the action for want of any other basis for liability. She has submitted materials outside the pleadings in support of her motion and the plaintiffs have done likewise. As I propose to consider this evidence, Rule 12(b) directs that the motion be treated as one for summary judgment under Fed.R.Civ.P. 56.

## ADDITIONAL FINDINGS OF FACT [15]

From the uncontested allegations of the pleadings and the affidavits and exhibits submitted by the parties, I find, for the purposes of this motion only, that no genuine issue of material fact exists as to the following facts:

1. Defendant Canyon Center Limited Partnership is a Wisconsin Limited Partnership, whose address is 2445 Darwin Road, Madison, Wisconsin 53704. (Complaints, ¶ 4; Answer of Canyon Center Limited Partnership, Madsen Partners V et al. (hereinafter Canyon Center Answer) ¶ 4 (*Axtell*, Dkt. # 17; *Bartlett*, Dkt. # 15; *Bryan*, Dkt. # 15, ¶ 4))

2. Defendant Madsen Partners V is a Wisconsin general partnership with its principal office at 2445 Darwin Road, Madison, Wisconsin 53704 and was formed for the purpose of holding investments and real estate and acting as the general partners in various ventures and partnerships. Madsen Partners V is, and was at all times material to these actions, the general partner of Canyon Center Limited Partnership. (Complaints, ¶ 6; Canyon Center Answer, ¶ 6)

3. Robert H. Lee was a partner of Madsen Partners V. (Lee Aff., ¶ 2)

4. Robert H. Lee died on May 2, 1984. (Lee Aff., ¶ 6)

5. Defendant Charlotte Lee is the widow of Robert H. Lee and the personal representative of his estate. (Lee Aff., ¶ 6)

6. After the death of Robert H. Lee, Madsen Partners V continued its existence and the estate of Robert H. Lee continued to be a partner. In her capacity as personal representative of the estate, defendant Lee acted on behalf of the estate in partnership matters. (Complaints, ¶ 6; Canyon Center Answer, ¶ 6; Lee Aff., Exs. A, B, C, F)

7. Charlotte Lee is not now, and has never been, a partner of Madsen Partners V. (Lee Aff., ¶¶ 2, 4, 6; Exs. A, B, C and F)

8. Charlotte Lee had no involvement, in her individual capacity, in the matters alleged in the Complaints. Specifically, she did not have any contact with the plaintiffs; she was not involved in the preparation of the October 1, 1984, Offering Memorandum; and she did not participate in any oral or written communication to any of the plaintiffs thereafter to the best of her recollection. She did not, in her individual capacity, participate in or have any control over the business of the defendant partnerships either before or after her husband's death. In her individual capacity, she is not, and has never been, a participant in any scheme, artifice, conspiracy or fraud as alleged in the complaint, nor has she authorized or ratified any such conduct. (Lee Aff. ¶¶ 5–6)

**15.** Charlotte Lee presents her own affidavit. (*Axtell*, Dkt. # 7; *Bartlett*, Dkt. # 4; *Bryan*, Dkt. # 4) Attached to the affidavit are the following exhibits:

A. The November 6, 1984, Fourth Amendment to the Madsen Partners V Partnership Agreement;
B. The June 4, 1984, Third Amendment to the Madsen Partners V Partnership Agreement;
C. An October 1, 1985, Unanimous Consent Resolution of Madsen Partners V;
D. A March 1, 1984, promissory note executed by Appleton Mall Partners to Madsen Corporation;

E. An October 1, 1985, demand note executed by Canyon Center Limited Partnership to Madsen Corporation;
F. An April 10, 1986, agreement between the estate of Robert H. Lee and Charlotte Lee. Plaintiffs submit the affidavit of Stephen L. Morgan, one of its attorneys. (*Axtell*, Dkt. # 14; *Bartlett*, Dkt. # 12; *Bryan*, Dkt. # 12) Attached to it are:
A. A July 30, 1987, letter from Attorney Sally J. Whiteside to Morgan;
B. A list entitled "Madsen Partners V."

## ADDITIONAL CONCLUSIONS OF LAW

■ The standard for summary judgment is set forth in Fed.R.Civ.P. 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Plaintiffs acknowledge that the crux of their causes of action against defendant Lee is that she is liable as a partner of Madsen Partners V for damages caused by a scheme to defraud plaintiffs. (See plaintiffs' brief at 8; *Axtell*, Dkt. # 13; *Bartlett*, Dkt. # 11; *Bryan*, Dkt. # 11) There is no suggestion that Lee took any part in a scheme to defraud plaintiffs aside from her alleged status as partner in Madsen Partners V. Thus, the issue on this motion is reduced to the single question whether Lee became a partner in her own right in Madsen Partners V following the death of her husband.

■ A partnership is, of course, a consensual relationship (Wis.Stat. §§ 178.03, .25, .26) and defendant's sworn denial of partnership status is corroborated by the undisputed documentation which she has submitted. It is clear from the amendments to the partnership agreement and the resolution of Madsen Partners V dated June 4, 1984, November 6, 1984, and October 1, 1985, that Charlotte Lee was not herself a partner. She signed the documents over the typed subscription,

> Charlotte A. Lee, Personal Representative for Estate of Robert H. Lee.

(Lee Aff. Exs. A, B & C) It is likewise clear from these instruments that the other partners in Madsen Partners V considered the Estate of Robert H. Lee, and not Charlotte Lee individually, to be the holder of the partnership interest.[16]

Finally, defendant Lee's affidavit recites her examination of the partnership records and the absence of any instrument substituting her as partner. This too is competent evidence. See Wis.Stats. § 178.16–.17; Fed.R.Evid. 803(7).[17]

While obviously not an arms length transaction, the agreement of April 10, 1986, pursuant to which defendant Lee, in her representative capacity, assigned to herself in her individual capacity the estate's interest in the partnership, reinforces the conclusion that the estate, and not defendant Lee, is the partner. (Lee Aff. Ex. F) Even without the disclaimer (¶ 1) the instrument could not be construed as making defendant a partner, since the assent of the remaining partners would also be required. However, the Partnership Act does permit a partner to assign his/her interest in the partnership profits (and interest on dissolution) to another. Wis.Stat. 178.23. The statute makes clear that such an assignment confers no partnership rights upon the assignee, so the disclaimer in the agreement does nothing more than affirm the legal effect of the assignment under the governing statute.

As defendant has met her initial responsibility of demonstrating the absence of a genuine issue of material fact, it was up to the plaintiffs

> to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

---

16. Normally the death of a partner operates as a dissolution of a partnership (Wis.Stat. 178.-26(4)), but the partners may provide for continuation by agreement, including the participation of the estate of the deceased partner. See *Blumer Brewing Corp. v. Mayer*, 223 Wis. 540, 545–548, 269 N.W. 693, 695–696 (1936); *In Matter of Trust Estate of Schaefer*, 91 Wis.2d 360, 378, 283 N.W.2d 410, 419 (Ct.App.1979). Although the partnership agreement is not of record, that is apparently what has occurred here. See also *Minoff v. Margetts*, 14 N.J.Super. 30, 38 81 A.2d 369, 373 (1951) as cited in Wis.Stat.Ann.

§ 178.36 (West 1974) at 713). (Estate of the deceased partner may be admitted to the partnership by express or implied agreement of the surviving partners.)

17. While the record does not contain a copy of the partnership agreement, its existence is inferentially established by the amendments. (Lee Aff. Exs. A & B) It must be assumed that any amendment to alter the partnership itself would also have been in writing.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). It is undisputed that plaintiffs bear the burden of proving that Charlotte Lee was a partner and proof of that is an essential element of plaintiffs' case against her.

For their response, plaintiffs submitted only the affidavit of their counsel, Mr. Morgan, which recites that he had spoken to a Chicago law firm said to be the attorneys for the limited partnership and requested a list of the partners in Madsen V. Partners. (Morgan Aff.) By letter dated July 30, 1987, the Chicago attorney sent Mr. Morgan a list of names which were represented as being the current list of the partners. Defendant Lee's name appears on the list. (Morgan Aff., Exs. A and B)

This evidence of defendant Lee's partnership status is clearly inadmissible. When a party seeks to meet its burden by affidavit, Rule 56(e) requires that it

> shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Mr. Morgan is obviously not competent to testify of his own personal knowledge as to the contents of the list or its reliability. The statements of Ms. Whiteside, his Chicago correspondent, about the list and its contents are obviously hearsay and cannot be considered on summary judgment. *Friedel v. City of Madison,* 832 F.2d 965, 970 (7th Cir.1987); Fed.R.Evid. 801(c).[18]

As defendant Lee's evidence that she is not a partner in Madsen Partners V stands uncontradicted, it will be recommended that the motion for summary judgment be granted. As defendant Lee's own proof tends to establish that the estate of her deceased husband continues to hold the partnership interest, it will be further recommended that plaintiffs be granted leave

to amend their pleadings to add the appropriate parties.

## RECOMMENDATION

IT IS RESPECTFULLY RECOMMENDED, pursuant to 28 U.S.C. § 636(b)(1)(B) that:

1. The motions of defendants Lee, Padley, Johnson and Schneider to dismiss the complaints for failure to plead with particularity pursuant to Fed.R.Civ.P. 9(b) be DENIED;

2. The motions of defendant Lee for summary judgment be GRANTED; and

3. That plaintiffs be granted leave to amend their complaints to add appropriate parties.

ENTERED this 1st day of April, 1988.

---

**18.** Even if Ms. Whiteside's information had been submitted in affidavit form, it too fails to show that she could testify to the composition of the partnership from her personal knowledge.