## SUMNER COAL MINING CO. v. PLEASANT.

No. 17020.    Opinion Filed Dec. 14, 1926.

Rehearing Denied Oct. 18, 1927.

**1. Corporations—Powers of Board of Directors.**

The powers and property of a corporation are controlled, directed and managed through its board of directors, within the scope of its laws and articles of incorporation as limited by general law.

**2. Same—Knowledge of Corporate Affairs Chargeable to Director.**

A director of a corporation is chargeable with knowledge of all matters pertaining to the affairs of the corporation of which he has actual knowledge, or should possess, in the exercise of the duties required of him as a director.

**3. Same—Actions of Board in Absence of Director.**

A member of the board of directors is charged with knowledge of all lawful acts done by the board of directors, although he was not present at the meeting and did not participate in the proceeding.

**4. Same—Judgment Against Corporation in Favor of Director on Note and Mortgage Not Sustained.**

Record examined; held, to be insufficient to support judgment in favor of the defendant in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Rogers. County; C. H. Baskin, Judge.

Action by Carl Pleasant against the Sumner Coal Mining Company. Judgment for plaintiff on instructed verdict, and defendant brings error. Reversed and remanded.

L. S. Robson and Chas H. Garnett, for plaintiff in error.

Allen, Underwood & Smith, for defendant in error.

Opinion by STEPHENSON, C.  C. E. Sumner and members of his family, who owned the majority stock in the Sumner Coal Mining Company, in October, 1922, sold the same to Lot Ravencraft. The purchaser executed a series of notes in payment for the stock, and pledged the stock as collateral security. The purchaser also pledged other collateral for the payment of the indebtedness. It later developed that the notes and mortgages pledged to secure the payment for the stock were without value, and certain litigation occurred between the Sumners and Ravencraft, but this is not material in this case.

The proceedings of a directors' meeting disclose that Carl Pleasant and C. E. Griggs were elected as members of the board of

directors at a meeting held November 3, 1922. The proceedings further show that a lease of the coal mining property and of the mine was made by the corporation to Lot Ravencraft for a period of five years, for a royalty of 50 cents per ton for coal mined. The proceedings show on their face that Carl Pleasant, although elected at the meeting as a member of the board of directors, was not present. The records of the corporation disclose that the board of directors held a meeting on November 27th, at which time the plaintiff was present and certain proceedings of November 3rd were referred to by the record. It appears that soon after Carl Pleasant was elected to membership on the board of directors, and soon after the execution of the lease in question, and while the property was in the possession of Lot Ravencraft and being operated by him, he advanced various sums of money for the payment of laborers engaged in mining the coal. Other sums of money were advanced by the plaintiff in connection with the mining operations. On December 19, 1922, the Sumner Coal Mining Company, by its president, Lot Ravencraft, and its secretary, executed a note in the name of the corporation, payable to Carl Pleasant, to secure the payment of the sums of money so advanced in the total sum of about $5,000. As a part of the same transaction the officers executed and delivered a mortgage in the name of the corporation, on its property, to secure the payee of the note. Default was made in the payment of the note, and the plaintiff commenced his action against the Sumner Coal Mining Company for a judgment on the note, and to foreclose the mortgage. The defendant coal company answered that the note and mortgage were executed and delivered by its officers without consideration, and that the corporation received no benefits from the sums of money advanced by Carl Pleasant. The plaintiff replied that he had no knowledge of the execution and delivery of the lease, and of the matters pleaded by the defendant as a defense to recovery. The defendant offered in evidence the proceedings of the meeting of the board of directors, to which reference has been made. Also a copy of the lease was put in evidence. The evidence discloses that all property of the corporation was leased to Lot Ravencraft, and that he was in possession of the same at the time the sums of money were advanced to him by Carl Pleasant, and at the time the note and mortgage were executed and delivered.

The record discloses that the note and mortgage were without consideration on the part of the coal company. The trial of the cause resulted in an instructed verdict in favor of the plaintiff. The defendant has perfected its appeal, and assigns as error for reversal, the action of the court in instructing the jury to return a verdict for the plaintiff.

The judgment for plaintiff must be made to rest upon the sufficiency of his reply, and evidence in support thereof that he did not have knowledge of the lease of the corporate property to Lot Ravencraft, and that he did not know that Lot Ravencraft was operating the property under the lease. The plaintiff testified that he was made a member of the board of directors in order that he could be advised of the conduct of the corporation's business, in view of the fact that he was making the advancements for the mining operation. The record discloses that he was a member of the board of directors at the time the lease was made, at the time the advancements were made to Lot Ravencraft, and at the time the note and mortgage were executed.

The proceedings of meetings of the board of directors are in evidence, which recite the leasing of the property to Lot Ravencraft on November 3, 1922.

The powers of the corporation are exercised by and through its board of directors, and the property of the corporation is subject to the control of the board. Section 5334, C. O. S. 1921.

It was said by the Supreme Court of Utah, in the case of Gay v. Young Men's Consolidated Co-Op. Inst. et al., 107 Pac. 237, that:

"No doubt the majority of the board, when regularly convened, may exercise any of the corporate powers in the absence of the minority, and bind such minority if the acts of the majority are not ultra vires, or in violation of some positive statute, or of some general law, or are void or voidable as against public policy. The minority is not only bound by the acts of the majority, but the minority members are charged with knowledge of all the legal corporate acts that are exercised as aforesaid."

The court further said that an officer or director of a corporation is chargeable with knowledge of all matters relating to the affairs of the corporation which he actually knew, or of which it was his duty to know.

This appeal presents the proposition of the defendant proving a want of consideration for the note and mortgage sued on, as it may be affected by the fact that the plaintiff did not have actual knowledge of the existence of the lease at the time he extended

the credit to Lot Ravencraft. The defense of the plaintiff was not sufficient in law in this respect, as measured by the rules applied in the Gay Case. The regularity of the proceedings of the board of directors is not questioned by the plaintiff. The plaintiff stood charged, as a matter of law, that the property of the corporation was in the possession of Ravencraft, and that the latter was operating under the lease of the property from the corporation, at the time the money was advanced by the plaintiff for the mining operation.

On this record, the defendant was entitled to an instructed verdict.

The cause is reversed and remanded, with directions to render judgment for the defendant.

By the Court: It is so ordered.

Note.—See under (1) 14a C. J. pp. 81, 82, §1842. (2) 14a C. J. p. 100, §1867; 7 R. C. L. pp. 655 et seq.; 2 R. C. L. Supp. p. 427. (3) 14a C. J. p. 100, §1867 (Anno). (4) 4 C. J. p. 1164, §3181.