**SCHROEDER v. SANFORD-FELT INV. CO. et al.**

No. 25083.    March 24, 1936.

Rehearing Denied May 12, 1936.

Harry O. Glasser, for plaintiff in error.

McKeever, Stewart & McKeever, for defendants in error.

PER CURIAM. The parties are to be referred to as they appeared in the court below. The issues material on this appeal arise from the claim of plaintiff for a personal judgment for damages against defendant R. L. Sanford, for alleged wrongful and negligent breach of duty as president, member of the board of directors, and managing officer of Sanford-Felt Investment Company in permitting said corporation to receive and convert to its own use moneys belonging to plaintiff, and for money had and received by said defendant, R. L. Sanford, for the use and benefit of plaintiff by virtue of the payment and distribution by said corporation of part of its assets to defendant R. L. Sanford, as an officer and stockholder thereof.

There is no issue as to whether the corporation wrongfully received and enjoyed the benefits of moneys of plaintiff, for which the plaintiff has recovered a judgment against said corporation, and which judgment is now final and conclusive.

The assignments of error and brief of plaintiff present the general proposition that the lower court erred in sustaining the motion of defendant R. L. Sanford for a directed verdict and in entering judgment on the verdict so rendered.

We set out these specific propositions involved with our conclusions thereon, in order, as follows:

1. It is urged by plaintiff that defendant R. L. Sanford received, and knowingly received, part of the proceeds of the funds of plaintiff wrongfully appropriated by the corporation through the fraudulent acts of the defendant Floyd E. Felt, the secretary and treasurer of the defendant corporation, which was the original beneficiary of the fraud of said Felt and the recipient of the money of plaintiff so fraudulently appropriated.

The brief of plaintiff fails to set out any evidence reasonably tending to sustain the contention that Sanford had knowledge that plaintiff's money had been received by the corporation, or that Sanford received a part of said moneys from the corporation, and it is not the duty of this court to search the records to find any such evidence.

2. It is urged by plaintiff that Sanford had knowledge of such fraud at the time it was being perpetrated and connived with said Felt in the perpetration thereof.

The plaintiff's brief fails to set out any evidence reasonably tending to show connivance in the fraud by Sanford, and it is not the duty of this court to search the records for evidence thereof.

3. It is urged by plaintiff that defendant Sanford was negligent in the performance of his duties as an officer and director of the corporation, through which the fraud was committed, and that but for such negligence he would have learned that the corporation received the money of plaintiff wrongfully and would have prevented damage to plaintiff thereby.

The plaintiff fails to set out in his brief evidence reasonably tending to sustain said contention, and the defendants' brief, standing uncontroverted, sets out substantial evidence to the contrary.

4. Evidence set out in the briefs, and uncontroverted in the briefs, is sufficient to sustain a finding that Felt, who perpetrated the fraud, had for a long time been the agent of the plaintiff, from which the conclusions are inevitable that plaintiff's loss was due to the wrong of his own agent, and with proper pleading the plaintiff was entitled to recover from the corporation as for "money had and received" which in equity and good conscience it ought not to retain.

The pleading is probably sufficient to sustain such a judgment against the corporation as well as against the defendant Sanford, but the plaintiff's brief fails to set out evidence reasonably tending to sustain the contention that the defendant Sanford received any of the plaintiff's money, and defendant Sanford clearly was not personally liable because the corporation received it where he did not participate in the fraud, had no knowledge thereof, and was not negligent in failing to learn of and prevent fraud.

For these reasons, we think the trial court not only properly directed a verdict for the plaintiff against Sanford-Felt Investment Company, but it also properly directed a verdict against the plaintiff and in favor of the defendant R. L. Sanford, and that its

judgment rendered for Sanford should be, and the same is. affirmed.

The Supreme Court acknowledges the aid of Attorneys Valjean Biddison, C. L. Billings, and Albert H. Bell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Biddison and approved by Mr. Billings and Mr. Bell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.