Elsa NATOWITZ, individually and on behalf of all Limited Partners of Lexington/56th Associates, a New York Limited Partnership by Elsa Natowitz, a Limited Partner, Plaintiffs,

v.

George MEHLMAN, Philip Wolitzer and Milton Kestenberg, all individually and as General Partners of Lexington/56th Associates, Mehlman Management Corp., Midlex Associates, Stephen Frank, Matthew Berger, Herbert Glabman, The Mastan Company Incorporated, Walter J. Schneider, Paul Green, Green & Ettinger, Barry Traub, Helmsley-Spear, Inc. 56th/Lexington Associates, and Chemical Bank, Defendants.

No. 81 Civ. 7223 (KTD).

United States District Court,
S. D. New York.

June 22, 1982.

Solin & Breindel, P. C., New York City, for plaintiffs; Howard Breindel, New York City, of counsel.

Shea & Gould, New York City, for defendants Paul Green, Green & Ettinger; Robert J. Ward, New York City, of counsel.

Cooperman & Levitt, P. C., New York City, for defendants Stephen Frank and Matthew Berger; Jack B. Levitt, New York City, of counsel.

Willkie, Farr & Gallagher, New York City, for defendants Helmsley-Spear, Inc. and 56th/Lexington Associates; Howard C. Buschman, III, Jack A. Pawa, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

This action arises out of the assignments of a mortgage owned by the partnership Lexington/56th Associates ("Lex/56") to various defendants. The plaintiff Elsa Natowitz, a limited partner in Lex/56, alleges that general partners and others defrauded the partnership and rendered the partnership worthless. The defendants are George Mehlman, Philip Wolitzer, Milton Kestenberg, who are general partners of Lex/56, Mehlman Management Corp., a New York corporation owned and operated by George Mehlman, Midlex Associates, a New York corporation in which Mehlman and Wolitzer are partners, Stephen Frank, Matthew Berger, Herbert Glabman, Paul Green and the law firm in which he is a partner, Green & Ettinger, Barry Traub, the estate of Walter J. Schneider, the Mastan Company, Inc., a Delaware corporation, Helmsley-Spear, Inc.

("Helmsley-Spear"), a New York corporation, Chemical Bank, a New York banking corporation and 56th/Lexington Associates ("56th/Lex Assoc."), a New York partnership. The complaint charges one or all of the defendants with violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5 promulgated thereunder, Section 352–c of the New York General Business Law, common law fraud, Section 98 of the New York Partnership Law, and breach of fiduciary duty. Defendants Helmsley-Spear, 56th/Lex Assoc., Berger, Frank, Green, Green & Ettinger and the estate of Walter J. Schneider move to dismiss the complaint. For the purposes of these motions to dismiss, the allegations in plaintiff's complaint must be deemed true. 2A J. Moore, Federal Practice, ¶ 12.08 at pp. 2266–67 [2d ed. 1981].

### I.

■ In January of 1961, the Lex/56 partnership and Midlex Associates, purchased an undivided fee ownership of two-thirds of a building located at 140–150 East 56th Street, New York, New York. This purchase constituted the partnership's sole asset. In late 1966, Lex/56 sold its share in the building to 56th/Lex Assoc. and received a mortgage in return. The mortgage payments owing to Lex/56 thus became its sole asset. Helmsley-Spear was appointed managing agent of the building at that time, a position it still holds today.

Natowitz states that she purchased a limited partnership interest in Lex/56, at a time unstated,

> in reliance on the representations that the sole partnership asset (either the Building or, subsequently, the Mortgage) would not be sold or transferred without [the limited partners'] knowledge and written consent (as required by Section 98 of the New York Partnership Law), but in any event, if such property were sold and transferred, it would not be for less than full and fair consideration to the Partnership.

Verified Complaint, ¶ 23. In purported violation of this promise to obtain prior permission and fair consideration for the sale of any partnership assets, defendants Mehlman and Wolitzer, allegedly with defendant Kestenberg's knowledge, assigned Lex/56's mortgage interest without either the knowledge or consent of the limited partners. In compliance with the assignment contract, the monthly mortgage payments were thereafter made by 56th/Lex Assoc. and Helmsley-Spear to defendants Frank and Berger instead of to Lex/56. Consequently, Lex/56 has not received the mortgage payments since October, 1978. In consideration for the assignment of the mortgage, defendants Green, Frank and Berger cancelled the antecedent personal debts owed to them by George Mehlman.

The plaintiff alleges that the assignments of the mortgage, absent consideration or knowledge by the limited partners, constitute a fraudulent forced sale of her interest in the partnership asset because it rendered Lex/56 worthless.

The moving defendants Helmsley-Spear, 56th/Lex Assoc., Berger, Frank, Green, Green & Ettinger and the estate of Walter J. Schneider present as grounds for dismissal: (1) failure to state a federal claim upon which relief can be granted; (2) lack of subject matter jurisdiction over pendent New York State law claims; (3) the plaintiff's incapacity to sue derivatively, and (4) failure to plead fraud with particularity. The first cause of action alleging federal securities law violations is the plaintiff's sole predicate for federal jurisdiction.

### II.

Section 10(b) of the Securities Exchange Act of 1934 proscribes fraud "in connection with the purchase or sale of a security." 15 U.S.C. § 78j(b). Although Ms. Natowitz does not allege direct fraud attendant to a purchase or sale by her of a security, she relies on the "forced sale" doctrine in asserting a Section 10(b) violation. This doctrine, enunciated in *Vine v. Beneficial Finance Company*, 374 F.2d 627 (2d Cir.), *cert. denied*, 389 U.S. 970, 88 S.Ct. 463, 19

L.Ed.2d 460 (1967) (*"Vine"*), states that whenever a party's equity is rendered worthless through the fraudulent activities of another party a court may find fraud in connection with a purchase or sale of a security within the meaning of Section 10(b). In *Vine*, the Second Circuit held that a short form merger which left the plaintiff with valueless stock constituted a forced sale in Section 10(b) terms.

The existence of this doctrine is conceded by the defendants but they challenge its applicability to this case. The defendants argue that the complaint does not set forth facts sufficient to find that Lex/56 has been liquidated, and that the forced sale doctrine was effectively negated by the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975) (*"Blue Chip"*).

Whether or not the forced sale doctrine services *Blue Chip* and more importantly whether the facts alleged here amount to a Section 10(b) claim need not be reached on this motion. The gravamen of the complaint alleges violations of state partnership laws. To the extent that the complaint alleges a federal claim at all it is lacking in the specificity required by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 9(b) requires the plaintiff plead all allegations of fraud with particularity. This rule requires the plaintiff to confront the defendants from the onset with the basis of their allegations to ensure fair notice to the defendants, to prevent harm to the defendants' reputations and to encourage prompt disposition. *Ross v. A. H. Robins Co., Inc.*, 607 F.2d 545, 557 (2d Cir. 1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980). This purpose is defeated if the complaint merely states conclusory allegations. *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111 (2d Cir. 1982). Plaintiff's complaint alleges a general fraudulent scheme without reference to specific acts or individuals. When a plaintiff sues sixteen defendants,

he or she has an obligation to allege specifically the fraud perpetrated by each defendant. Plaintiff has failed to meet this obligation. The complaint is replete with vague accusations against "the defendants" without reference to the specific parties or the specific acts. *See*, e.g., Verified Complaint, ¶¶ 24, 25, 29, 31. Each defendant is entitled to " 'fair notice of what the plaintiff's claim is and the grounds upon which it rests,' " *Denny v. Barber*, 576 F.2d 465, 469, (2d Cir. 1978), *quoting Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971). At the very least, this requires the plaintiff to allege:

> (1) the nature of each individual defendant's participation in the fraud, including the facts constituting scienter and an explanation of the defendant's duty toward the plaintiff; (2) whether the defendant is being sued as a primary defendant or as an aider and abettor; and (3) as to allegations on information and belief, a statement of the source of the information and the reasons upon which the belief is founded.

*Goldberg v. Meridor*, 81 F.R.D. 105, 111 (S.D.N.Y.1979) (footnotes omitted).

Plaintiff's argument that compliance with Rule 9(b) would run afoul of Fed.R. Civ.P. 8(a)(2), which restricts pleadings to short and plain statements, is unpersuasive. *See Credit & Finance Corp. Ltd. v. Warner & Swasey Co.*, 638 F.2d 563, 566 (2d Cir. 1981). Plaintiff has simply failed here to provide fair notice of the basis of her case. She cannot rely on later discovery to rectify this defect, but "must know what [her] claim is when [she] files it." 2A J. Moore's, Federal Practice ¶ 9.03 at 9–17, n.2a [2d Ed. 1981]. The federal fraud claim is therefore dismissed. Leave to amend the complaint within twenty days of the date hereof to comply with Rule 9(b) is granted.[1]

■ In sum, the defendants' motions to dismiss the federal claim are granted. The

---

1. Defendants Green & Ettinger and the estate of Walter J. Schneider argue that the complaint against them should be dismissed for its failure to mention them specifically in any of the counts except under the general appellation "the defendants." However, leave has been granted for the plaintiff to amend her complaint. If the defect in the verified complaint is not corrected, the defendants' dismissal motion can be renewed.

dismissal of this claim at this stage of the case renders the exercise of pendent jurisdiction inappropriate, *McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir. 1981), and so the state claims are also dismissed. The plaintiff is granted leave to amend her complaint within twenty days of the filing of this memorandum and order.

SO ORDERED.