**Rubye R. GAY, Appellant–Plaintiff,**

**v.**

**Brown J. AKIN, Jr., Ansil Ludwick, Jr., Paul W. Anderson, Jr., Hal W. Oswalt, G. Richard Degen, Richard G. Bell, Charles G. Wray; Bob C. Lamirand, Bill Ramsey and Altus E. Wilder, III, Appellees–Defendants,**

**Wesley R. McKinney, Douglas W. Dixon, and Rodney Miller, Defendants.**

**Nos. 64777, 65933.**

Supreme Court of Oklahoma.

Dec. 20, 1988.

Frank R. Hickman, Hickman & Hickman, Tulsa, for appellant-plaintiff.

Fred S. Nelson, Claire V. Eagan, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Inc., Tulsa, for appellee-defendant Brown J. Akin, Jr.

Paul E. Quigley, G. Calvin Sharpe, Derryberry, Quigley, Parrish, Gooding & Nance, Oklahoma City, for appellees-defendants Paul W. Anderson, Jr., Ansil Ludwick, Jr., Bob C. Lamirand.

Jon R. Running, Noble Sokolosky, Jon R. Running & Associates, Tulsa, for appellee-defendant Hal W. Oswalt.

Timothy J. Sullivan, Thomas M. Klenda, Sullivan & Klenda, Tulsa, for appellee-defendant Richard G. Bell.

James K. Secrest, II, Secrest & Hill, Tulsa, for appellee-defendant Charles G. Wray.

Stephen C. Stapleton, Feldman, Hall, Franden, Woodard & Farris, Tulsa, for appellees-defendants Altus E. Wilder III, G. Richard Degen.

Tom L. Armstrong, Gregory S. Sherman, Marsh & Armstrong, Tulsa, for appellee-defendant Bill Ramsey.

OPALA, Justice.

The dispositive first impression question presented on certiorari is whether the plaintiff's amended petition meets the "particularity" requirement of the Oklahoma Pleading Code, 12 O.S.Supp.1984 § 2009(B),[1] in alleging fraud against multiple defendants. We answer in the affirmative and hold that the trial court erred when it (1) dismissed the plaintiff's action for failure to allege fraud with sufficient particularity and (2) issued certain defendants protective orders that relieved them of their obligation to answer interrogatories.

## FACTS

Commencing in 1982 and continuing through September 1984, petitioner-plaintiff, Rubye R. Gay [Gay or Depositor], made several deposits in the Republic Financial Corporation [Institution], which represented her life savings ($38,951.19). In September 1984 the Institution was declared insolvent and Gay lost all her savings.

On October 25, 1985 Gay filed suit against thirteen individuals [2] whom she alleged to be members of the Board of Directors and Stockholders of the Institution [Directors]. Depositor averred that the Institution had represented itself as a public banking corporation and a member of the Federal Deposit Insurance Corporation [FDIC]; that the Institution had, by its advertisements, lured her into depositing her savings into it; and that she continued to transact business with the Institution and left her funds on deposit in reliance on

---

1. See *infra* note 5 for the text of 12 O.S.Supp. 1984 § 2009(B).

2. The thirteen defendants are: Brown J. Akin, Jr., Wesley R. McKinney, Ansil Ludwick, Jr., Paul W. Anderson, Jr., Douglas Dixon, Rodney Miller, Hal W. Oswalt, G. Richard Degen, Richard G. Bell, Charles G. Wray, Bob C. Lamirand, Bill Ramsey and Altus E. Wilder, III.

those representations. Depositor further alleged that the Directors "permitted, allowed, enticed and conspired ... to mislead the public for the purpose of acquiring funds for deposit" even though the Institution had been declared insolvent. Additionally, Depositor alleged that "one or more" of the Directors had been afforded the "right of withdrawal, as well as dividends and redemptive privileges" in violation of 18 O.S.1981 §§ 1.146 and 1.149.[3] Depositor sought recovery of her savings as well as punitive damages.

Four of the Directors filed motions to dismiss[4] for failure to state a claim, citing the 12 O.S.Supp.1984 § 2009(B) requirement that all averments of fraud be stated with particularity.[5] Depositor subsequently amended her petition reiterating prior allegations and additionally asserting that the Directors, within several months prior to September, 1984, had caused "various assets, securities and deposits, to be transferred to other persons, firms or corporations;" that such transfer "resulted in a diminution in the worth" of the Institution and eventually caused its bankruptcy; and that the Directors had authorized defendant McKinney to transfer assets when they knew or should have known such transfers were improper. Depositor further alleged that more than sixty percent of the Directors (a) had an interest in the Institution in violation of federal commerce and trade laws, (b) permitted "unlawful withdrawals" just prior to the bankruptcy, and (c) voted for and received dividends in violation of federal commerce and trade laws.

Several Directors filed motions for summary judgment, dismissal of the action and protective orders relieving them from answering interrogatories the Depositor had served upon them.[6] The Depositor resisted the motions and supplemented her fraud allegations by an affidavit, attaching photocopies of two monthly statements she had received from the Institution during the months of June and July 1984. Each printed statement identified the Institution as a "Bank" and included the phrase "MEMBER Federal Deposit Insurance Corporation." In her affidavit Depositor stated the Institution was represented as a "Bank" on all the monthly statements she received. The trial court again sustained the motions to dismiss, gave summary judgment on the Directors' motions and issued the requested protective orders.[7] The trial court also granted Depositor leave to amend her petition. She filed an amended petition restating and further elaborating on her prior fraud allegations. Depositor also included

3. The terms of 18 O.S.1981 § 1.146 pertained to directors' liability for unlawful payments to shareholders; § 1.149 dealt with shareholders' liability for receiving unlawful payments. These sections were formerly a part of the Business Corporation Act, (18 O.S.1981 §§ 1.1 et seq.). The majority of this Act's provisions was repealed in 1986 (Okl.Sess.L.1986, Ch. 292). Most of the subject matter covered by the repealed sections can now be found in the "Oklahoma General Corporation Act," (18 O.S.Supp. 1986 §§ 1001 et seq.). See § 1051 and 1053 of the new Act for the subject matter contained in former § 1.146; § 1.149 does not appear to have been included in the new Act, see Disposition Table immediately preceding 18 O.S.Supp. 1986 § 1001.

4. Defendants Bell, Oswalt, Wray and Akin filed motions to dismiss. Although its ruling is not memorialized in the record, the trial court appears to have sustained the motions and granted the Depositor leave to amend her petition.

5. The terms of 12 O.S.Supp.1984 § 2009(B) provided:

"FRAUD, MISTAKE, CONDITION OF THE MIND. In all *averments of fraud* or mistake the circumstances constituting fraud or mistake *shall be stated with particularity.* Malice, intent, knowledge, and other condition of mind of a person may be averred generally." [Emphasis added.]

This section was amended in 1987 [Okl.Sess.L. 1987, Ch. 78, § 3]. The amendment does not affect the text pertinent to the issues in this case.

6. Defendants Ramsey, Wilder and Degen filed motions for summary judgment and defendants Oswalt, Wray, Akin and Bell filed motions to dismiss. Defendants Wray, Akin, Wilder and Degen also filed motions for protective orders.

7. On March 6, 1985 the trial court sustained the motions to dismiss by defendants Oswalt, Wray, Akin and Bell, gave summary judgment to defendants Wilder, Degen and Ramsey and issued protective orders for defendants Wray, Akin, Wilder and Degen.

broad allegations of mismanagement, negligence, conspiracy, deceit and violations of common-law and statutory duties. The Directors then reurged their motions to dismiss, which were sustained.[8]

The Depositor appealed from these various rulings in favor of certain Directors.[9] This court dismissed the appeal as to all but one of the Directors.[10] The Depositor then stood on her last amended petition. The Directors then reasserted their motions to dismiss, which were again sustained.[11] Depositor brought another appeal from this ruling.[12] The Court of Appeals consolidated the two appeals for disposition by a single opinion and affirmed the trial court's orders dismissing the Depositor's amended petition.[13] Certiorari is granted to address the first-impression question about the quantum of allegations required to satisfy the "particularity" standard in 12 O.S.Supp.1984 § 2009(B) when fraud is pressed against multiple defendants.

# I

## THE ELEMENTS OF FRAUD

■ All averments of fraud must be pled in accordance with 12 O.S.Supp.1984 § 2009(B). While § 2009(B) governs *how* such allegations must be made; *what* must be pled is determined by Oklahoma substantive law.[14] The elements of common-law fraud are: 1) a false material misrepresentation; 2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth; 3) with the intention that it be acted upon; and 4) which is relied upon by a party to one's detriment.[15] Additionally, 76 O.S. 1981 § 4 authorizes an action for fraud and deceit upon the public.[16] In her amended petition Depositor alleged the Institution held itself out as a Bank insured by the FDIC, when in fact it was not. Depositor further alleged this representation was made to her and other members of the public in a number of ways. Its printed monthly statements, for example, included

**8.** The motions to dismiss by defendants Degen, Wilder, Wray and Oswalt were sustained on June 28, 1985. Defendant Akin's motion to dismiss was sustained on July 3, 1985.

**9.** Depositor appealed from the June 28 and July 3, 1985 rulings, *supra* note 8, and also from the March 6, 1985 summary judgment, *supra* note 7, for defendants Ramsey, Wilder and Degen.

**10.** This court dismissed the appeal from the March 6, 1985 summary judgment for defendants Ramsey, Wilder and Degen as not timely brought. It also dismissed the appeal as to defendants Wray, Oswalt and Bell since the orders sustaining their motions to dismiss allowed the Depositor to amend her petition. The initial appeal proceeded only against defendant Akin.

**11.** On January 14, 1986 motions to dismiss of defendants Wray, Oswalt, Bell, Anderson, Ludwick and Lamirand were again sustained.

**12.** Depositor then lodged her appeal against defendants Wray, Oswalt, Bell, Anderson, Ludwick and Lamirand. The Court of Appeals consolidated the latter appeal with the first one against defendant Akin.

**13.** The dismissal of Depositor's amended petition for failure to plead fraud with sufficient particularity, as required by 12 O.S.Supp.1984 § 2009(B), is treated as a dismissal for failure to state a claim. See e.g., *Seattle–First Nat. Bank v. Carlstedt,* 800 F.2d 1008, 1011 [10th Cir.1986]. In reviewing the district court's dismissal for

failure to state a claim, we must consider *de novo* whether the Depositor's amended petition is legally sufficient. *Seattle–First Nat. Bank v. Carlstedt, supra* at 1011.

**14.** See *Hayduk v. Lanna,* 775 F.2d 441, 443 [1st Cir.1985] and *Miller v. Affiliated Financial Corp.,* 600 F.Supp. 987, 995 [N.D.Ill.1984].

**15.** *Tice v. Tice,* Okl., 672 P.2d 1168, 1171 [1983] and *Miller v. Long,* 202 Okl. 34, 210 P.2d 147, 150 [1949].

**16.** The terms of 76 O.S.1981 § 4 provide:

"One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit."

The terms of 76 O.S.1981 § 3 define deceit as " * * * 1. The suggestion, as a fact, of that which is not true by one who does not believe it to be true. 2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true. 3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, 4. A promise, made without any intention of performing."

See also *Southern Development Co. v. Silva,* 125 U.S. 247, 250, 8 S.Ct. 881, 882, 31 L.Ed. 678 [1888].

the notations "Bank" and "MEMBER FDIC." [17] Depositor alleged the Directors made these false representations to mislead the public for the purpose of acquiring funds for deposit, and that she relied on the representations in making her deposits. Each of the essential elements of fraud has been averred. The question remains whether the circumstances relied on to establish fraud were pled with sufficient particularity.

## II

### PLEADING FRAUD AGAINST MULTIPLE DEFENDANTS

In construing the Oklahoma Pleading Code's provisions which govern fraud allegations, and in determining the detail necessary to satisfy the "particularity" requirement, we are obliged to look to the Federal Rules of Civil Procedure—the progenitor of our pleading code. Since the text of Federal Rule 9(b) is incorporated verbatim in the Oklahoma pleading code, federal and state jurisprudence is instructive.[18] We note initially that the particularity requirement extends to *all* averments of fraud, regardless of the theory of legal duty—statutory, tort, contract or fiduciary.[19] To satisfy the requirements of § 2009(B), it is unnecessary to plead *each element* of fraud in detail if the *circumstances* constituting fraud are stated with particularity.[20] In actions involving multiple defendants, a plaintiff must plead facts from which fraud may be reasonably in-

ferred as to each defendant.[21] This is the crux of the Directors' contentions. While they challenge the pleadings' sufficiency generally, each Director specifically contends that fraud has not been clearly averred against him individually. The Directors assert that in multiple defendants cases, where fraud allegations are not addressed to each defendant individually, the particularity requirement has not been satisfied.

The Depositor's amended petition does not make specific averments against each individual Director about the numerous fraudulent activities and schemes. Rather, she first states that each of the defendants is a stockholder and a member of the Board of Directors, and then outlines generally her allegations against them as a group. The question, then, is whether these general averments against each of the defendants as a group (*qua* members of the Board of Directors) support a reasonable inference of fraud as to each individual defendant.[22] Whether such an inference may be supported depends upon the nature of the relationship between the Directors and the Institution, and the duties incumbent upon them. To facilitate a proper assessment, we must examine both the common-law and the statutory duties and liabilities of a member of a board of directors.

## III

### THE BANK DIRECTORS' DUTIES

The common-law duties and liabilities of bank directors essentially parallel

---

**17.** Photocopies of the monthly statements were not attached to the amended petition. Rather, they were affixed to Depositor's affidavit which was made a part of her response to the Directors' various dismissal motions. The exhibits physically attached to the response may be treated as additional exhibits to the amended petition.

**18.** The Introductory Committee Comment to the Oklahoma Pleading Code notes:
"In order to take fullest advantage of the case law interpreting the Federal Rules and the Advisory Notes, the Oklahoma Pleading Code tracks the Federal Rules closely. Where the text of the Federal Rules has been adopted in the Oklahoma Pleading Code, the construction placed on it by federal and state courts should be presumed to have been adopted as well. See *Laubach v. Morgan,* 588 P.2d 1071, 1973

(Okla.1978); *Baker v. Knott,* 494 P.2d 302, 304 (Okla.1972)."

**19.** *Denny v. Barber,* 576 F.2d 465, 469 [2d. Cir. 1978]; and *Shapiro v. Miami Oil Producers, Inc.,* 84 F.R.D. 234, 236 [D.Mass.1979].

**20.** *Simcox v. San Juan Shipyard,* 754 F.2d 430, 439 [1st Cir.1985]; *Hayduk v. Lanna, supra* note 14 at 443; and *Nolan Bros. Inc. v. United States,* 266 F.2d 143, 146 [10th Cir.1959].

**21.** *Grunwald v. Bornfreund,* 668 F.Supp. 128, 131 [E.D.N.Y.1987]; and *Natowitz v. Mehlman,* 542 F.Supp. 674, 676 [S.D.N.Y.1982].

**22.** *Grunwald v. Bornfreund, supra* note 21 at 131.

the obligations of corporate directors in general.[23] In *Crews v. Garber*[24] we noted that statutory provisions which articulate the duties of bank directors prescribe only minimum standards and do not relieve the bank directors of their common-law counterparts. At common law a bank director has the duty to act in good faith and with ordinary care and diligence when conducting the bank's affairs.[25] Bank directors are liable for losses which could have been prevented by the exercise of such care in attending to their duties.[26]

■ In addition to the common-law duties, the statutory scheme embodied in the Business Corporation Act[27] prescribed extensive duties and liabilities of *directors in general.*[28] The provisions relevant here include § 1.34(b) which imposes a fiduciary

relationship between directors and the corporation and requires that directors exercise good faith when performing their duties.[29] Section 1.133 proscribes payment of dividends when the corporation is insolvent or there is reasonable ground to believe that its payment would render the corporation insolvent.[30] Section 1.175 forbids corporate loans to directors and makes them jointly and severally liable to the corporation and its creditors for violations.[31] Section 1.176 establishes liability for false statements.[32] Depositor both explicitly and implicitly alleged in her amended petition violations of each of these statutorily mandated duties and prohibitions.

■ In addition, these provisions are made applicable to *bank directors* by the

---

23. See *Schroeder v. Sanford–Felt Inv. Co.*, 177 Okl. 54, 57 P.2d 601 [1936] (syllabus 1); *Preston–Thomas Constr., Inc. v. Central Leasing Corp.*, Okl.App., 518 P.2d 1125, 1127 [1973]; and *Sumner Coal–Mining Co. v. Pleasant*, 127 Okl. 174, 259 P. 1055, 1056 [1927].

24. 188 Okl. 570, 111 P.2d 1080, 1082 [1941].

25. "It is the common law duty of bank directors to 'act in good faith and with ordinary care and diligence in conducting the affairs of the bank, or with such diligence as ordinarily prudent men would exercise with reference to the conduct of such a moneyed institution.'" *Crews v. Garber, supra* note 24, 111 P.2d at 1082.

26. See *Crews v. Garber, supra* note 24; see also *Briggs v. Spaulding*, 141 U.S. 132, 146–147, 11 S.Ct. 924, 929, 35 L.Ed. 662 [1891].

27. 18 O.S.1981 §§ 1.1 et seq. The Business Corporation Act was repealed in 1986; the subject matter of that Act can now be found in the new Oklahoma General Corporation Act, see *supra* note 3.

28. Defendant Akin asserts that depositor has no standing to sue under §§ 1.146 and 1.149 of the Business Corporation Act. Defendant argues that pursuant to § 1.147 only *judgment creditors* are authorized to maintain such an action, and that failing an allegation that she is a judgment creditor of the Institution, Depositor is without standing to maintain the action.
The duties embodied in §§ 1.146 and 1.149 in particular, and in the Business Corporation Act in general, were made equally applicable to *bank* directors by the Oklahoma Banking Code. See text accompanying *infra* note 33. The statutes regulating the conduct of bank directors

were enacted for the benefit of the depositors as well as creditors and stockholders of the bank. *Crews v. Garber, supra* note 24, 111 P.2d at 1084; see also text accompanying *infra* notes 52 and 53.
Depositor may bring an action alleging a violation of a statutorily imposed duty. The action is not one for the remedies prescribed by § 1.147, rather it is one of fraud, making reference to the statute for the *source* of the duty owed. See, e.g., *Denny v. Barber, supra* note 19, and *Shapiro v. Miami Oil Producers, Inc., supra* note 19. "It is generally held that an action for receipt of deposits in an insolvent bank may be maintained by depositors against the directors since the injury is to the depositors and they are the real parties in interest." *Crews v. Garber, supra* note 24, 111 P.2d at 1084.

29. 18 O.S.1981 § 1.34(b). Section 1.34 was repealed in 1986 (Okl.Sess.L.1986, Ch. 292, § 160), *supra* note 3; see 18 O.S.Supp.1988 § 1027 for the subject matter covered by the former statute.

30. 18 O.S.1981 § 1.133. This section was repealed in 1986 (Okl.Sess.L.1986, Ch. 292, § 160), *supra* note 3; see 18 O.S.Supp.1986 § 1052 for the subject matter covered by the former statute.

31. 18 O.S.1981 § 1.175. Section 1.175 was repealed in 1986 (Okl.Sess.L.1986, Ch. 292, § 160), *supra* note 3; see 18 O.S. Supp.1986 § 1029 for the subject matter covered by the former statute.

32. 18 O.S.1986 § 1.176. Section 1.176 was repealed in 1986 (Okl.Sess.L.1986, Ch. 292, § 160), *supra* note 3. The subject matter of this section does not appear to have been included in the new Oklahoma General Corporation Act, see

Oklahoma Banking Code.[33] The Banking Code articulates further specific duties and obligations of bank directors [34] in addition to those imposed at common law, and those imposed by the Business Corporation Act. The general liability of bank directors is unequivocal. Directors who break state law are liable for all damages sustained as a consequence of the violation.[35]

■ The Banking Code applies to "Banks," which it defines as "any bank authorized by the law of the state to engage in the banking business." [36] The Code also proscribes the unauthorized receipt of money for deposit, transaction of banking business, and the use or advertisement of the term "bank" in connection with anything other than authorized banking business.[37] Here, that the Institution was not *in fact* a bank will not insulate its Directors from liability. The unlawful representation to the public that the Institution was an authorized banking concern imposes on the Institution's Directors the same duties and liabilities as those of *de jure* bank directors.[38]

## IV

### THE NATURE OF THE DIRECTORS' DUTIES SUPPORTS AN INFERENCE OF FRAUD AGAINST EACH DEFENDANT FROM THE FACTS PLED

In her amended petition the Depositor charged numerous violations of these com-mon-law duties and the referenced statutory duties delineated in the Oklahoma Banking Code and the Business Corporation Act. Depositor also alleged each of the defendants to be a Director.

■ A bank director is bound by the standard implicit in these duties and his responsibility must be measured accordingly. Further, a corporation director is chargeable with all matters pertaining to the corporation's affairs, of which he has or should have knowledge in the exercise of the duties required of him as a director.[39] Under these circumstances, where knowledge of the alleged specific unlawful acts committed by the Institution and the individual Directors is imputed to each of the Directors as a matter of law, the allegations of fraud averred against the defendants as a group (without specific reference to each individual defendant) is sufficient to support a reasonable inference of fraud as to each of the individual Directors.

## V

### THE PARTICULARITY REQUIREMENT

After concluding that the Depositor need not address her allegations of fraud to each individual defendant, we now turn to the dispositive question whether the allegations stated the circumstances constituting fraud with sufficient particularity. The Federal Rules collectively, and specifically

---

Disposition Table immediately preceeding 18 O.S.Supp.1986 § 1001.

**33.** 6 O.S.1981 § 715. Section 715 was amended in 1986 (Okl.Sess.L.1986, Ch. 292, § 144) to provide that the Oklahoma Banking Code of 1965 (6 O.S.1981 §§ 101 et seq.) shall be governed by the new Oklahoma General Corporation Act, see *supra* note 3.

**34.** The terms of 6 O.S.1981 § 409 prohibit payment of dividends when losses exceeding assets have been incurred; the terms of 6 O.S.1981 § 1404 prohibit loans to "managing officers;" 6 O.S.1981 § 1406 prohibit receipt of deposits while insolvent; the terms of 6 O.S.1981 § 1410 establish liability for false or deceptive entries or statements; and the terms of 6 O.S.1981 § 1412 pertain to embezzlement or misapplication of funds.
The 1983 and 1986 amendments to § 1404 (Okl. Sess.L.1983, Ch. 73, § 13 and Okl.Sess.L.1986,

Ch. 316, § 7) do not appear to affect the substantive elements of the claim.

**35.** 6 O.S.1981 § 712(A). The 1988 amendment to this section (Okl.Sess.L.1988, Ch. 166, § 7) does not appear to affect the substantive elements of the claim. See also, *Hoehn v. Crews,* 144 F.2d 665, 672–673 [10th Cir.1944] (bank directors are liable for *intentional* violations of *statutory* duties and *negligent* violations of *common-law* duties).

**36.** 6 O.S.1981 § 102(A).

**37.** 6 O.S.Supp.1982 § 1401.

**38.** See e.g. *Crews v. Garber, supra* note 24 at 1083; and *infra* note 53.

**39.** *Sumner–Coal Mining Co. v. Pleasant, supra* note 23, 259 P. at 1056.

those rules governing pleading, were designed to simplify and modernize the litigation process.[40] Oklahoma's adaptation of the Federal Rules indicates her desire to further these objectives. Federal Rule 8(a)(1), Federal Rules of Civil Procedure, and Oklahoma's counterpart, 12 O.S.Supp. 1984 § 2008(A)(1),[41] illustrate the modern code's liberal approach to pleading which requires only a "short and plain statement of the claim" consisting of "simple, concise and direct"[42] averments showing that the pleader is entitled to relief.

In contrast to the relatively minimal pleading requirements of § 2008(A) and (E), § 2009(B) codifies and perpetuates the common-law rule[43] and requires that "in all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." The reconciliation of this seeming contradiction occurs when § 2009(B) is read in conjunction[44] with § 2008 and the two sections are harmonized.[45] The statute's demand for greater specificity serves three important purposes: 1) the desire to protect the reputation of the defendants; 2) the need to deter "strike" suits; and 3) the need to afford an opponent adequate notice in order to prepare a responsive pleading.[46] Despite these purposes, the particularity requirement is not unbounded; § 2008 serves as a limitation.[47]

With these principles in mind, the purpose and requirements of § 2009(B) become clear. The section requires only the degree of specificity necessary to enable the opposing party to prepare his responsive pleadings and defenses.[48] The clear weight of authority holds that Rule 9 "requires specification of the time, place and content of an alleged false representation, but not the circumstances or evidence from which fraudulent intent could be inferred."[49] If the circumstances are set out, there is no requirement that the word "fraud" even be used.[50] "Particularity" does not mean the plaintiff has to plead detailed evidentiary matters.[51] This interpretation of § 2009(B) harmonizes with the pleading code and is required to comport with the constitutional public policy protecting depositors. The latter is embodied

---

**40.** See *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 [1957] (Rule 8, Federal Rules of Civil Procedure, narrows the function of pleadings to that of giving "fair notice of what the plaintiff's claim is and the grounds upon which it rests.")

**41.** 12 O.S.Supp.1982 § 2008(A)(1). The 1987 amendment of this section (Okl.Sess.L.1987, Ch. 78, § 2) does not affect the text pertinent to the issues in this case.

**42.** 12 O.S.Supp.1982 § 2008(E). The 1987 amendment of this section (Okl.Sess.L.1987, Ch. 78, § 2) does not affect the text pertinent to the issues in this case.

**43.** See Richman, Lively & Mell, "The Pleading of Fraud: Rhymes Without Reason," 60 So.Cal. L.Rev. 959 [1987].

**44.** *Simcox v. San Juan Shipyard, supra* note 20 at 439. (Rule 9, Federal Rules of Civil Procedure, must be read in conjunction with Rule 8 which provides that complaint should not be struck if the nature of the claim is apparent.) See also, *Todd v. Oppenheimer & Co.,* 78 F.R.D. 415, 419 [S.D.N.Y.1978].

**45.** *Hayduk v. Lanna, supra* note 14 at 443. See also, 5 C. Wright and A. Miller, "Federal Practice and Procedure," §§ 1204 and 1296 [1969].

**46.** 5 C. Wright & A. Miller, *supra* note 45, § 1297 at 403–404; *Adair v. Hunt Int'l Resources Corp.,* 526 F.Supp. 736, 744 [N.D.Ill.1981]; and *Brewer v. Monsanto Corp.,* 644 F.Supp. 1267, 1271–1273 [M.D.Tenn.1986].

**47.** *Adair v. Hunt Int'l Resources Corp., supra* note 46 at 744.

**48.** *Walling v. Beverly Enterprises,* 476 F.2d 393, 397 [9th Cir.1973]. See also, the Committee Comment to § 2009 which points out that the section "should be read in light of the general philosophy of § 2008 and the § 2010 provisions for the form of pleadings to require only the degree of specificity necessary to enable the opposing party to prepare his responsive pleadings and defenses."

**49.** *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 228 [1st Cir.1980]; see also, *Hayduk v. Lanna, supra* note 14 at 444; *Walling v. Beverly Enterprises, supra* note 48 at 397; and 5 C. Wright and A. Miller, *supra* note 45 § 1297 at 403–404, § 1298 at 410, and § 1301 at 426.

**50.** *Nolan Bros. Inc. v. United States, supra* note 20 at 145.

**51.** *Brewer v. Monsanto Corp., supra* note 46 at 1271; and *Walling v. Beverly Enterprises, supra* note 48 at 397.

in Art. 14, § 1 of the Oklahoma Constitution.[52] Measured by this standard, Depositor's amended petition more than adequately satisfies the specificity mandated by § 2009(B).

## CONCLUSION

Because we hold Depositor's amended petition met the requisite particularity requirement, the trial court's dismissal for failure to state a claim for fraud was erroneous. Additionally, the amended petition contained broad allegations sufficient to establish various other legal theories of recovery.[53] It follows that the protective orders relieving the Directors of their discovery obligations were also in error.

The trial court's orders dismissing the amended petition are reversed and the cause is remanded for further proceedings not inconsistent with this pronouncement.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, SIMMS, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

LAVENDER, J., concurs in judgment.

---

**52.** The terms of Art. 14, § 1, Okl. Const. provide: "General laws shall be enacted by the Legislature providing for the creation of a Banking Department, to be under the control of a Bank Commissioner, ... with sufficient power and authority to regulate and control all State Banks, Loan, Trust and Guaranty Companies, under laws which shall provide for the protection of depositors and individual stockholders."
See *Shull v. Beasley,* 149 Okl. 106, 299 P. 149 [1931] (Syllabus 1) ("The public policy of the state of Oklahoma, established by section 1, article 14, of the Constitution of Oklahoma, is for the protection of depositors in state banks.")

**53.** The amended petition contained detailed facts regarding conspiracy, negligence and mis-

management. In *Crews v. Garber, supra* note 24 at 1083, quoting from *Bryan County State Bank v. American Nat. Bank,* 56 Okl. 529, 156 P. 352, 356 [1916], we recognized that

> "'one of the main purposes of the banking laws of the state of Oklahoma is to impose upon the officers of the bank, such as the president or director, the positive duty of its management and control and to fix upon these officers the duty and responsibility of conducting said bank in accordance with law and *this court should be slow to adopt any construction of law which would relieve these officers from their responsibilities.'*" [Emphasis in opinion]